THE WRIGHTSVILLE AND TENNILLE RAILROAD COMPANY *v.* HOLMES *et ux.*, for the use of HIGHTOWER.

1. Where one bought land with money belonging to his wife and took the deed to himself, the formal legal title was in him, while the equitable title was in her, and a trust in her favor resulted; but an action of trespass to the land brought jointly in the name of the husband and the wife would seem not to be basis for recovery, there being no joint title.
2. A director of a railroad company who participated in the location of the road (by which location the damages complained of are alleged to have accrued), and afterwards purchased the land, would not be entitled to recover such damages.
3. It appearing that the husband conveyed by deed to the railroad company a right of way over the land, without disclosing the interest of his wife, if under such conveyance the company had the right to locate its road and establish wharves and buildings at the place where it did so, neither the vendor in the deed nor the director who holds under him and his wife can complain that this was done by the company for the benefit of any other transportation company. And a contract between the railroad company and other companies relative to freight and wharf arrangements was irrelevant as evidence.
4. Testimony as to what would be the value of wharves which could have been erected on the land by the usee of the plaintiffs, and the value of a bridge at that point per day, week or year, had one been built by him, was not admissible on the trial of an action of trespass against the railroad company for locating its road on the land, cutting down timber and establishing buildings and wharves; the question being, if this were a trespass, what was the condition of the land at the time the same was committed, and how much it was injured thereby?

July 7, 1890.

Actions. Title. Parties. Damages. Estoppel. Trespass. Evidence. Before Judge ROBERTS. Laurens superior court. July adjourned term, 1889.

The declaration of Holmes and wife, for the use of Hightower, against the railroad company, filed June 27, 1887, alleged that in 1886 the Dublin and Wrightsville railroad, a corporation then existing under the general law, but subsequently consolidated with the defendant, the consolidated company adopting the defendant's corporate name, forcibly and against petitioners' consent entered upon their premises in Laurens county on the east bank of the Oconee river, immediately opposite the town of Dublin, at the foot of Gaines, Jackson, Madison and Marion streets, and on what were known as the Yopp lands, and after such forcible and illegal entry, and against the protest of petitioners, committed divers acts of trespass thereon by cutting away the valuable timber and making heavy cuts, embankments bridges and trestling through and over said lands, and constructing turnouts, switches, wharfs, tanks, warehouses, etc. thereon, and in a manner and in such lines and curvatures, and by such cutting away of the river banks and occupying the entire wharf and river frontage and its appurtenances at said town, as really, and as if designedly, to do the greatest possible injury to said premises and to petitioners' rights in them, and are now occupying and have continued to occupy said premises since said entry forcibly and without any compensation whatever to petitioners; that such occupation was and is in no wise necessary for the construction or operation of the railroad, but is an outrage against petitioners and a flagrant abuse of right of way over the land; and that for this use and occupation the defendant refuses to pay any compensation whatever, to the damage of petitioners $2,000, the amount sued for. Attached is a drawing of the premises on which the alleged trespass was committed. Under the evidence and the judge's charge, the jury found for the plaintiff the amount sued for. The defendant moved

for a new trial, which was refused, and exception was taken.

A. F. DALEY, FELDER & CORKER and BACON & RUTHERFORD, for plaintiff in error.

J. E. HIGHTOWER, J. M. STUBBS and HARRISON & PEEPLES, *contra*.

BLANDFORD, Justice.

This was an action brought jointly in the name of Holmes and his wife, for the use of Hightower, against the plaintiff in error. Considering the declaration, we think it was an action brought for damage to the freehold of the plaintiffs. The case is so afflicted, and abounds with so many complaints, that it is somewhat embarrassing to know or to tell where to commence the decision. The evidence for the plaintiffs shows, and without contradiction, that the formal legal title was in Holmes, while the equitable title was in his wife ; that Holmes bought the property at sheriff's sale with the money belonging to his wife. The deed of conveyance was taken to Holmes, so a trust would thereby result to the wife. But the action is brought jointly in the name of Holmes and his wife, and under the testimony in this case it is clearly shown that there is no joint title in Holmes and wife. Therefore it would seem, without more, there could be no recovery by the plaintiffs in this case. Again, the testimony shows that Hightower, at the time the railroad was located upon the land (by which location the damages are alleged to have accrued to the plaintiffs), was a director, or one of the directors, in the railroad company and participated in the location of the road. He afterwards purchased this land and took a bond for title, and this suit is brought for his use. The court held that, notwithstanding this, he was not estopped from recovering. We are of the opinion that if these facts be true, there could have

been no recovery for the use of Hightower. No man
can induce a trespass to be made upon the lands of an-
other and afterwards purchase the lands and recover
damages for such trespass. It is complained that the
court erred in allowing a certain contract to be given in
evidence upon the trial of the case between this railroad
company, the Central Railroad Company, and the
Oconee Boat Company, as is set out in the record. We
do not see what this contract, entered into between
these companies, had to do with this case, or how it
could illustrate any issue between the parties to this
case. We think, therefore, that the court erred in ad-
mitting this testimony. A certain deed of conveyance
from Holmes to the plaintiff in error had been put in
evidence, which conveyed to the railroad company a
right of way over the lands of Holmes; and it was
shown that Holmes, at the time he made this deed,
never disclosed any interest of his wife in these lands.
The court below held that if this deed conveyed to the
railroad company the right to locate its line, and to es-
tablish its wharves and buildings where they were es-
tablished, yet, if this was done to benefit any other com-
pany, then this right was not conveyed by the deed.
We think this instruction to the jury was wrong. If in
fact the railroad company had the right to locate its
road and to establish its wharves and buildings where
it did, under the deed of conveyance of Holmes to the
company, then neither Holmes nor any one else would
have a right to complain that this was done by the rail-
road company for the advantage or advancement of any
other transportation company. It is also complained
that the court erred in admitting testimony, over the
objection of plaintiff in error, to show what would be
the value of wharves which could have been erected by
Hightower upon the river bank; what would have been
the value of a bridge at that point per day, per week

and per year, if the same had been built by Hightower over the river; and various other testimony of this character. We think this testimony should have been rejected by the court. If the railroad had no right to locate its railroad upon this land, to cut down the timber, or to establish its wharves and buildings where it did, then the only question is, what damage was done to the freehold thereby? If this was a trespass on the part of the railroad company, what was the condition of the land at the time the trespass was committed, and how much did such trespass injure the land? The court could as well have admitted evidence to show that Hightower could have built a hotel on this land, and that it would have been worth so much per day, per week or per year, as to admit the testimony which he did. Under the allegations in the declaration, such testimony was foreign to the issues raised in this case, and should have been rejected by the court. This is all that we think is necessary to be said in this case; and the judgment of the court below is    *Reversed.*