EAST TENN., VA. & GA. RAILWAY CO. *v*. HERRMAN & BRO.

1. Even if a defect in a platform from which a railroad company is loading a horse upon a car would, under any circumstances, excuse the company for injuring the horse by reason of such defect, it certainly would not do so in the absence of full diligence to discover the defect before exposing the horse to the risk of injury.

2. Where the court charged the jury that the measure of damages for an injury to a horse was the difference between his value before the injury and his value after it, and also that speculative

damages could not be recovered, the failure to charge a request as to a particular class of speculative damages not being recoverable is no cause for a new trial.

3. The action being by S. Herrman & Bro., and the evidence showing that the horse belonged to S. Herrman, with nothing to show that the brother had any ownership or interest, the declaration was not supported in respect to the plaintiffs' title; and as the evidence left it very doubtful whether the chief injury to the animal resulted from the defendant's negligence or from some unknown cause, the court erred in not granting a new trial.

April 3, 1893.  Argued at the last term.                    *Judgment reversed.*

Action for damages.   Before Judge ROBERTS.   Dodge superior court.   March term, 1892.

The case of S. Herrman & Bro. against the railway company, for injury to plaintiffs' horse by negligence of the company resulted in a " verdict in favor of the plaintiff for $75." Defendant's motion for a new trial was overruled. The only evidence was in the testimony of S. Herrman, as follows: On October 21, 1891, I had made arrangements to send my horse to Macon and enter him for a premium at the State fair; had arranged with Loyall, agent of the defendant at Eastman, to ship the horse by freight, and got a receipt from him for the horse. The horse was injured in attempting to load him on the cars at Eastman, in the stock lot used by defendant for the purpose of loading and unloading stock. Taylor led the horse up on the platform which has a wall on each side leading to the car; the plank of the platform, which was decayed, broke, and all the legs of the horse went through; and in his struggle I suppose he struck his head against the wall of the platform, and the hair was rubbed off his legs. I did not send him to the fair, but took him back and put him in my stable. There were pieces nailed on the sides of the wall, against which he may have struck his head and hurt his eyes. I do not know that Taylor had any connection with the railroad. Several days afterwards I found that one of the horse's eyes was injured, and it is still affected.  His

v 92-25

legs are well, but the hair has not grown back on them. I do not know that his eye was injured in the fall or in attempting to load him on the car, but I think it was, because it was not injured before that, and I found several days afterwards that his eye was hurt. I do not think it was injured in my own lot or stable by striking his head against anything, because I had kept him there for some time and he had never before got his eyes hurt there. Before his eye was hurt I valued him at $500. I do not base this estimate entirely upon the idea that. I hoped to get a premium on him by putting him on the race-track at the fair, but partly because I had got a premium for him by running him on the race-track at the county fair last fall. If I had sent him to the State fair and I had got a premium for him there, he might have been worth $500, or might have been worth $1,000, or might have been worth less. I have not run him since he was injured, and do not know whether he can run as well now as he could before he was injured or not, nor whether he would be as likely to win a premium. I think he is worth $75 less now than he was before his eye was hurt. I think any horse is worth $75 less with one of his eyes injured. I do not believe any person would pay as much for him now as they would have paid before his eye was hurt; but I have not offered him for sale, and do not know how much I could get for him now. He would not sell for as much by $75 as he would have brought before the injury. I do not know that I could get more than $50 or $60 for him now; have not offered to sell him, and no one has offered to buy him. I paid $125 for him before his eye was injured; would not take $125 for him now. The lot and platform where he was to be loaded on the car is just in front of my store, and has been there for several years. I could see it at any time. It was repaired several times by the railroad company. It was repaired

once a year or so ago. It could not be seen by looking at it before the plank broke; the plank which gave way and through which the horse fell was decayed. (On the direct examination the court ruled out what the witness said in regard to the value of the horse upon the idea of his taking a premium, on motion of defendant's counsel, but upon his reiteration of that evidence on cross-examination no motion was made to rule it out.)

The motion for a new trial alleges, that the verdict is contrary to law and evidence, and that "the alleged damages are too speculative, contingent, conjectural and remote to be recoverable." Another alleged error is, that the court refused " a verbal request " to charge the jury that if the alleged injury was caused by a defect which was such as to deceive human judgment, the defendant would be excused and would not be liable for the injury sustained.

Defendant's counsel requested the court to charge the jury, that if plaintiff's estimate of the value of the horse and of the amount of the damage was based upon the idea that he hoped or expected to get a premium for the horse by putting him on a race-track, such damages would be too speculative and plaintiff could not recover. The court refused to give this charge as requested, but simply charged the jury in a general way that speculative damages could not be recovered, without explaining what was meant by speculative damages, qualifying the charge with the statement that the element of speculative damages was eliminated from the case by the ruling out of the testimony of plaintiff upon this subject, and charging that plaintiff could recover the difference between the value of the horse before and after the injury, if entitled to recover at all; all of which is alleged as error on the part of the court, and defendant submits that this was an expression of opinion by the court on the evidence, which was calculated to influence the jury to render a verdict against the defendant.

DeLacy & Bishop, for plaintiff in error.
Herrman & Coffee, by brief, *contra*.