Comer, receiver, *v.* Newman.

The action being for damages alleged to have been occasioned to the
    plaintiff's land by setting fire to and burning wood, undergrowth,
    straw, leaves and timber thereon, and it appearing from his own
    testimony that the land belonged to himself and his children, and
    there being no proof showing the number of the children or what
    particular share or interest was owned by the plaintiff himself,
    there could be no legal recovery in his favor, and it was error to
    refuse a nonsuit.  The alleged injury being to the freehold, it was
    incumbent upon the plaintiff to show what interest he owned
    therein, in order to enable the jury to arrive at his just proportion
    of the compensation which should be allowed for the entire injury.
    February 27, 1895.

Action for damages.  Before Judge Bartlett.  Hous-
ton superior court.  April term, 1894.

Steed & Wimberly and John R. Cooper, for plaintiff
in error.

Lumpkin, Justice.

In this case we felt constrained to grant a new trial
because of a fatal defect in the plaintiff's evidence.   His
action was brought to recover damages alleged to have
been occasioned to *his* land by setting fire to and burn-
ing undergrowth, straw, leaves, and timber thereon.  The
injury complained of was not a mere injury to his term,
or to his right to occupy the land for the time being, as
would have been the case of a tenant; but it was an
injury to the freehold, and therefore one giving a right

of action only to the owner or owners of the legal title. Indeed, the plaintiff does not, in his declaration, attempt to sue otherwise than as owner of the land itself.

For some reason, the defendant did not require any written proof of title, but allowed the plaintiff to establish his ownership by his own parol evidence. Upon this question, his testimony was to the effect that the land belonged *to himself and his children.* He did not state how many children he had, or what particular share or interest in the property was owned by himself, or by any one of the children. Consistently with his testimony, he might be a life-tenant of the whole, and the children remaindermen; or, he might be a tenant in common with them, and his particular share might be one half, one tenth, or any other fractional interest. There were, it is true, some loose references to the land as "Newman's land" by witnesses who made no pretense of knowing anything about the title, and whose testimony was directed to other matters and really threw no light at all upon the question of ownership. The only evidence bearing directly upon this subject was that of the plaintiff himself, the substance of which has been stated above.

Assuming that the jury were able to ascertain from the evidence the amount of damages which should be awarded for the entire injury to the property, it would certainly seem clear that the plaintiff would not be entitled to recover the whole of this amount. If he could, then each one of the remaining joint owners could do likewise, and thus the defendant would be made to respond in damages several times for the same cause of action. If the plaintiff could not recover the whole of the damages, to what per cent. of the same would he be entitled? The evidence totally fails to furnish any answer to this question. We are therefore compelled to set the verdict aside.

If, at the next trial, it should be made to appear that the defendant is liable for the injury, and the plaintiff shows what proportion of the damages should be awarded to him, exact justice may be done in fixing the amount of the verdict.    *Judgment reversed.*