## POSTAL TELEGRAPH-CABLE COMPANY *v.* PEYTON.

In a proceeding to assess damages to a landowner by reason of the construction across his premises of a telegraph line under the power of eminent domain, compensation may be awarded both for the land actually taken by the telegraph company and for all consequential damages

arising from the erection and maintenance of its poles, wires, or other fixtures; but before a recovery can be had for consequential damages, proof must be adduced which discloses the nature and extent thereof and furnishes data from which a reasonable and proper estimate of the amount of compensation to which the landowner is entitled may be made. The verdict in the present case was excessive, there being no evidence authorizing a recovery of consequential damages, and the amount awarded being far above the highest proved value of the land actually appropriated by the telegraph company.

Submitted December 6, 1905.—Decided January 13, 1906.

Condemnation.    Before Judge Kimsey.    Habersham superior court.    March term, 1905.

The Postal Telegraph-Cable Company instituted condemnation proceedings against John T. Peyton, for the purpose of acquiring the right to construct one of its lines over a tract of land in Habersham county of which he was the owner.    In the notice served upon him the statement was made that: "The said Postal Telegraph-Cable Company desires to construct a single line of poles along, upon, and across" the above-mentioned tract of land, by "the erection of poles about 25 feet long, one foot in diameter at the base, and planted 5 feet in the ground, with such anchors and guy wires as may be necessary to hold the same firmly in position, with one or more cross-arms, 8 feet in length, fastened near the top of said poles, with insulators thereon, along and upon which will be strung wires sufficient in number to quickly and accurately transmit all messages that may be entrusted to it by the government of the United States, the State of Georgia, and their officers and agents, and the public.    Said poles will be erected about 167 feet apart," and only one square foot of land "will be taken or occupied by each post.    Said company will cut and trim out trees, timber, and undergrowth, as may be necessary for the construction, maintenance, and operation of said telegraph line, and none other.    The land between the poles and under the wires will not be taken by the Telegraph Company, but can be used hereafter for all purposes" for which the owner may "have heretofore used it, and will be used by the Telegraph Company for the purpose only of its agents and employees going thereon in order to construct and keep the same in repair; and only an easement for such right and privilege is desired or will be taken by said Telegraph Company."    An award of $150 in favor of Peyton was returned by the assessors selected to fix the compensa-

tion to be made to him by the company. Being dissatisfied with the amount of this award, the company entered an appeal to a jury in the superior court. The jury, upon the hearing in that court, fixed the amount of compensation to be paid at $250. Thereupon the company filed a motion for a new trial, upon the general grounds that the verdict was contrary to the evidence and without evidence to support it, etc. The motion was overruled, and telegraph company excepted.

*Felder & Rountree* and *Howard Thompson,* for plaintiff in error. *J. B. Jones* and *J. C. Edwards,* contra.

EVANS, J. (After stating the facts.) A jury can not be left to roam without any evidence in the ascertainment and assessment of damages. The damages which the law allows to be assessed in favor of a landowner whose property has been taken or damaged under the right of eminent domain are purely compensatory. The land actually appropriated by the telegraph company amounted to only a fraction of an acre; and while it appeared that the construction and maintenance of the telegraph line would cause consequential damages to the plaintiff, no proof was offered from which any fair and reasonable estimate of the amount of damages thereby sustained could be made. The jury should have been supplied with the data necessary in arriving at such an estimate. *Swift* v. *Broyles,* 115 *Ga.* 887. In the absence of this essential proof, a verdict many times in excess of the highest proved value of the land actually taken must necessarily be deemed excessive.

*Judgment reversed. All the Justices concur.*