# LOUISVILLE AND NASHVILLE RAILROAD COMPANY
## v. HENDERSON *et al.*

The action was brought by two plaintiffs against a railroad company, to recover damages for the burning, by the alleged negligence of the defendant, of certain property which it was claimed belonged jointly to the plaintiffs. The verdict for the plaintiffs, which was for the full amount sued for, was not authorized by the evidence, because joint ownership as to much of the property was not proved.

OCTOBER 2, 1913.

Action for damages. Before Judge Fite. Bartow superior court. May 6, 1912.

*D. W. Blair, Neel & Neel,* and *Tye, Peeples & Jordan,* for plaintiff in error.

*G. H. Aubrey* and *J. T. Norris,* contra.

FISH, C. J. John Henderson and Frank Henderson brought a joint action against the Louisville & Nashville Railroad Company, to recover damages sustained by reason of the burning of a barn

belonging to the plaintiffs, and certain live stock and other personalty also owned by them and in the barn at the time it was burned. The petition alleged that the burning of the barn and its contents was caused by the negligence of the defendant company and its agents, in and about the running of its locomotive, by negligently and carelessly throwing out sparks therefrom. The petition was specially demurred to on many grounds, all of which were sustained except one, which was to the paragraph of the petition which merely sought to set forth a portion of the evidence upon which plaintiffs relied. There was a verdict for the plaintiffs. The defendant moved for a new trial, which was refused, and it excepted. The defendant also excepted to the overruling of the one ground of special demurrer to the petition. This exception is not of sufficient importance to require special notice. The motion for new trial contains many grounds; but as we are of the opinion that the judgment must be reversed on the general grounds that the verdict was contrary to the evidence and without evidence to support it, we deem it unnecessary to pass on the other grounds of the motion. As noted above, the petition alleged joint ownership of the barn in the plaintiffs. There was no evidence whatever to sustain this allegation. It is true that the plaintiffs put in evidence two deeds, one of which conveyed a described half acre of land to one of the plaintiffs. The other deed conveyed a described parcel of four acres of land to the other plaintiff. While it could be legitimately inferred from the evidence that these two parcels of land were in the vicinity of the barn which was burned, there was no evidence even tending to show that it was situated on land jointly owned by the plaintiffs, nor, indeed, that it was on land owned by either of them. The verdict was in a round sum, and there was considerable evidence as to the value of the barn. It is apparent that its valuation entered into the amount of damages allowed. Moreover, it appeared from the evidence that much of the personalty was the individual property of one of the plaintiffs, and the evidence as to whether the other plaintiff owned an interest in the other portions of the property burned was quite vague and unsatisfactory. Certainly there was no evidence authorizing a joint recovery by the plaintiffs for the value of all the property burned, and this was evidently the character of verdict rendered in their behalf. Therefore the verdict was not authorized by the evidence

and a new trial should have been granted. *Wrightsville & Tennille R. Co.* v. *Holmes,* 85 *Ga.* 668 (11 S. E. 658) ; *East Tenn., Va. & Ga. R. Co.* v. *Herrman,* 92 *Ga.* 384 (3), 385 (17 S. E. 344) ; *Comer* v. *Newman,* 95 *Ga.* 434 (22 S. E. 634). In view of the ruling made it is not necessary to decide the other questions presented by the record. *Judgment reversed. All the Justices concur.*