## 6312.　BEASLEY v. CENTRAL OF GEORGIA RAILWAY COMPANY.

The same tortious act might injure both the freehold of the owner and the leasehold of a tenant, thus entitling each to a distinct right of action for damages,—in the one case for the injury to the freehold estate, and ·in the other to the leasehold estate. But one in possession under a lease for five years can not recover for injury to the realty, though he may recover damages for the injury or destruction of any property included within his usufruct. In view of the plaintiff's failure to set forth the alleged contract of lease, and construing the petition as amended most strictly against the pleader, it does not appear that the fire set out by the defendant destroyed any `wood or timber of the` plaintiff which had been severed from the realty, or any other personalty of his situate upon the leasehold. The petition does not set

forth specifically why, or how, or in what amount the value of the plaintiff's lease is less than it would have been had the fire not occurred. The probable profits from the sale of timber, as alleged, are too vague and contingent to be the basis of a recovery, and the right to recover for the damage to the land caused by the burning of decaying trash and litter is, in the owner of the freehold. None of the allegations of the original petition were withdrawn by the plaintiff, and the petition as amended failed to show any injury for which the plaintiff, as a tenant, was entitled to recover. It was therefore not error to sustain the demurrers and dismiss the petition.

DECIDED FEBRUARY 10, 1916.

Action for damages; from city court of Madison—Judge Anderson. January 12, 1915.

*J. S. Grant, Williford & Lambert,* for plaintiff.

*Harris & Harris, Middlebrooks & Burruss,* for defendant.

RUSSELL, C. J. Beasley brought suit against the Central of Georgia Railway Company, alleging that he, as the lessee of described lands, had been damaged by the negligence of the defendant company in setting fire on these lands. It is alleged that this fire caused "about 250 acres of woodland to be burned over, destroying all the trash and litter, exposing the land to the hot, baking sun, and killed, destroyed, and damaged practically all the wood timber on said 250 acres." The plaintiff bases his right of action upon the fact that he was a lessee of the lands, it being alleged that "under the terms of said lease [he] is to have the use of said lands for and during the years 1914, 1915, 1916, 1917, and 1918 inclusive, and is further allowed to clean up and put into cultivation such lands that the timber has been cut and sawed; all wood cut from this land can be sold by said Beasley." The items of damage claimed in the original petition are, "Damage to wood timber on 250 acres, $2 per acre, or $500. Damage to land by loss of this decaying trash and litter, and by causing it to be exposed to the sun, $1 per acre, or $250. Difference in the time it would take to cut green timber, one acre, and expense it would take to cut dead or burnt timber on one acre, $1 per acre, $250. By amendment the plaintiff alleges that "under the terms of the lease contract referred to in his petition, he owned the timber and wood on the 250 acres of land which was burned over on May 19, 1914, and that he had the right to cut and sell said wood."

The defendant demurred upon the ground that the petition set

forth no cause of action, and demurred specially "because the plaintiff is not entitled to have and recover either for any damage to the wood timber on the premises described in the petition or for damage to the land, for it appears that the plaintiff is only the lessee of Mrs. L. P. Reese, who alone would have the right to bring an action for damages for injury to the timber and the land described in the petition." None of the paragraphs of the original petition were stricken by the plaintiff.

It will be noted that no allegation is made that any of the wood timber was severed from the realty. As to the right of a lessee to recover for such a trespass, see *Moore* v. *Vickers,* 126 *Ga.* 42 (54 S. E. 814); *Southern Railway Co.* v. *State,* 116 *Ga.* 276 (42 S. E. 508). As to the right of the plaintiff to recover for the damage to the land caused by the burning of the trash and litter thereon, see *Comer* v. *Newman,* 95 *Ga.* 434 (22 S. E. 634). It is not necessary to add anything further to what we have said in the head-note.                                        *Judgment affirmed.*