20694. ATLANTA, BIRMINGHAM & COAST RAILROAD
CO. *v.* HART *et al.*

*H. H. Merry, Dowling & DeLoache,* for plaintiff in error.

LUKE, J. The plaintiffs in this case procured a verdict and judgment against the defendant for $125, and the exception is to the judgment overruling the defendant's motion for a new trial.

The petition is substantially as follows:

"W. A. Hart, N. A. Beckham, Avery & Harrison, a partnership composed of ————— Avery and Boykin Harrison, G. S. Clark, H. A. Smith, Eddings & Harrison, a partnership composed of —————Eddings and Boykin Harrison, J. B. Kilpatrick, J. G. Parker, A. T. Payton, and C. O. Jordan, as plaintiffs, bring this petition against Atlanta, Birmingham & Coast Railroad Company as defendant, and for cause of action show:"

1. Defendant is an incorporated railroad company having lines of railroads and agents and places of business in Thomas county, Georgia.

2. "Prior to June 27, 1929, defendant, at the instance and request of your petitioner, placed upon its side-track at Coolidge, Ga., its certain freight-car, identified as A. B. & C. car No. 30183, for the purpose of having the same loaded with watermelons to be shipped over the lines of the defendant as initial carrier to such point as petitioners might direct."

3. "That on June 27, 1929, said car was by your petitioners loaded with watermelons of the Tom Watson variety and in the number of 1067, that said loading was completed and said car was standing upon the sidetrack of the defendant company at Coolidge, Ga., awaiting shipment or sale, the value of said carload of melons at said time being $150."

4. Said siding was a public siding at which it was customary for defendant to receive, and it did receive, for shipment over its lines,

large quantities of watermelons, and at said time many carloads of melons were being shipped from said siding each day, and there were constantly thereon finished and unfinished cars; all of which was well known to defendant and its employees operating trains at said points.

5. "On the night of June 27, 1929, said defendant negligently struck said car with its railroad-train so as to damage the contents of the same so as to render the melons practically worthless, causing said melons to buckle and ride, bruising all of said melons and breaking a large number of the same."

6. "On June 28, 1929, the defendant company was notified of the foregoing facts and notified that petitioners would claim from said railroad the full value of said melons, and that said railroad company thereupon appropriated the said damaged car of watermelons to its own use and sold the same and retained the proceeds of said sale, whereby it became liable to your petitioners for the full value thereof."

7. "That by reason of the foregoing facts defendant is indebted to your petitioners in the sum of $150, which it fails and refuses to pay upon demand."

The answer admits the truth of paragraph 1 of the petition, denies paragraphs 2, 3, 4, 5, 6, and 7 thereof; denies any negligence on the part of the defendant and "the extent and amount of the damage alleged," and, by amendment, avers that ninety per cent. of said melons were not damaged, and that plaintiffs wilfully abandoned the melons without making any effort to salvage or dispose of them.

W. A. Hart testified: that he was called general manager and salesman of the Coolidge Watermelon Club and was in charge of loading said car 30183; that said car of melons was worth from $125 to $150; that he was the first person to see the melons the next day after they were loaded, and that the car had been shifted and the melons badly damaged; that he made no attempt to sell the melons, because a buyer would not want them; that "these watermelons belonged to the individuals;" that when melons were sold the net proceeds "went to the growers, proportioned out according to the size and prices of the melons;" that if said melons had been sold, each person would have been paid in accordance with the number of melons he contributed; and that the defendant took

the car of melons away. G. A. Murphy testified that many of the melons were broken and bruised, and that there was melon juice on the bottom of the car. N. F. Woodham, defendant's agent at Coolidge, testified that not more than one hundred of said melons were damaged; that Mr. Hart refused to sort out the bad melons and reload the car, and would not accept an adjustment; that after the melons were abandoned to the defendant, witness was offered $10 for them; that no bill of lading had been issued and the car had not been delivered to defendant for shipment; and that "they stayed there a day or two and were shipped to Atlanta."

It appears from "the tally-sheet of Coolidge Watermelon Club," which was in evidence, that each of the plaintiffs, except W. A. Hart, had melons in said car; that the melons of the different plaintiffs varied in number from 7 to 134 and that the car contained 1067 melons. In this connection we will state that W. A. Hart testified: "I don't remember that I had any melons of my own in that car—I don't think I did."

Two letters were introduced by the defendant. The first letter was written by "Coolidge Watermelon Club, by W. A. Hart" to defendant's claim agent on June 28, 1929, and stated that said car of melons was valued at $75, and that the car was struck so hard by defendant's switch-engine that lots of the melons were bruised. In reply the defendant's general claim agent wrote W. A. Hart on July 1, 1929, that he was perfectly willing to pay for melons damaged by the railroad, but that he understood that only 100 or 150 melons were damaged, and that if Hart would amend the claim to the melons damaged, he would be glad to give the claim prompt attention. The verdict was in this language: "We, the jury, find for the plaintiff in the amount of $125." The judgment followed the verdict.

The motion for a new trial contains only two special grounds. The second of these grounds is that the court erred in admitting in evidence "the tally-sheets showing the price obtained for other cars on different dates, the same having been offered and admitted for the purpose of proving a market for the melons alleged to have been injured." The objection interposed was that "the same was irrelevant and prejudicial to the rights of the defendant, and . . further that the evidence was not legal evidence to prove value." The tally-sheets referred to are not, either in form or

in substance, incorporated in or attached to the ground, and clearly this ground is too incomplete for consideration by this court.

The only other special ground of the motion for a new trial is that the court overruled a motion for a nonsuit, based upon the grounds that plaintiffs had not made out a case and that the evidence "showed a misjoinder of parties plaintiff and also a misjoinder of causes of action." We are, of course, aware that, since a motion for a new trial based upon the usual general grounds was made, the foregoing ground is not for our consideration. See *A. C. L. R. Co.* v. *Blalock,* 8 *Ga. App.* 44(2) (68 S. E. 743). We only refer to this ground because it clearly states the contentions of the plaintiff in error, and because it is insisted that it evidences diligence in attacking the alleged misjoinder of parties plaintiff and causes of action. Plaintiff in error relies mainly upon the case of *L. & N. R. Co.* v. *Henderson,* 140 *Ga.* 655 (79 S. E. 556). There two plaintiffs brought a joint action to recover damages alleged to have been sustained by reason of damage by fire to a barn and certain personal property. The petition alleged joint ownership of the property. There was no evidence that the barn was the property of either of the plaintiffs. The court said: "The verdict was in a round sum, and there was considerable evidence as to the value of the barn. It is apparent that its valuation entered into the amount of damages allowed. Moreover, it appeared from the evidence that much of the personalty was the individual property of one of the plaintiffs, and the evidence as to whether the other plaintiff owned an interest in the other portions of the property burned was quite vague and unsatisfactory. Certainly there was no evidence authorizing a joint recovery by the plaintiffs for the value of all the property burned, and this was evidently the character of the verdict rendered in their behalf."

In the case of *So. Ry. Co.* v. *Am. Whip Co.,* 141 *Ga.* 708 (81 S. E. 1114), two parties brought an action to recover a trunk containing whips, alleging that they claimed title to the property. The court made this statement: "The answer did not controvert their joint ownership, but practically admitted it. . . There was no plea of misjoinder of parties, and no motion for a nonsuit on the ground that a joint title was not shown. Under these circumstances, after a verdict in favor of the plaintiffs, the making of a motion for a new trial on the general ground that the verdict was

contrary to law and evidence, and the overruling .of it by the trial judge, this court will not reverse the judgment on the ground that the evidence did not show a joint title."

Our statement of the case at bar shows clearly how widely it differs from the case of *L. & N. R. Co.* v. *Henderson,* supra. One marked difference is that. in the *Henderson* case damages were awarded for a barn which was not proved to be the property of either of the plaintiffs. Another is that in that case the petition alleged joint ownership of the property in the plaintiffs, while in this case the petition did not allege joint ownership. Indeed, it did not allege ownership at all. It was held in *W. & A. R. Co.* v. *Tate,* 129 *Ga.* 526, 529 (59 S. E. 266), that "an allegation that the plaintiffs are the owners of realty does not necessarily imply a joint title."

In the case at bar there was no demurrer or plea filed. The exception to the refusal of the court to grant a nonsuit presents nothing for the consideration of this court, and the defendant is relegated to the general grounds of his motion for a new trial. There was some evidence which warranted the jury in concluding that the melons were badly damaged as a result of the defendant's negligence. There was proof of the number of melons each plaintiff had in the car, with the exception of W. A. Hart, and of course Hart could have been stricken from the case. It is likewise true that if any plaintiff in the case was improperly joined in the action he could have been eliminated from the case. In· this connection see *Ga. R. &c. Co.* v. *Tice,* 124 *Ga.* 459 (52· S. E. 916, 4 Ann. Cas. 200). The defendant had the opportunity of receiving a favorable verdict. He was not inconvenienced in making his defense, the judgment against him is a bar to any subsequent action by any of the plaintiffs for the same cause, and the question of apportioning the damages among the plaintiffs is no concern of the defendant.

It is unquestionably true that misjoinder of parties plaintiff, or misjoinder of causes of action, is improper. See Civil Code (1910), §§ 5515, 5523. It is also true, however, that the proper method of attacking such defects is by demurrer or plea, and not by a motion for a new trial. See *Merritt* v. *Bagwell,* 70 *Ga.* 578 (3-a) ; *Ga. R. &c. Co.* v. *Tice,* supra. The real question in this case is whether there is a fatal variance between the allega-

tions of the petition and the proof, and, as we have already indicated, we do not think there is.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*