22503. GEORGIA POWER COMPANY *v.* McCREA *et al.*

DECIDED JANUARY 21, 1933.

*Colquitt, Parker, Troutman & Arkwright, M. F. Adams, Roberts & Roberts,* for plaintiff.

*Charles W. Walker, Ryals, Anderson & Anderson,* for defendant.

SUTTON, J.   In the preceding case of *McCrea* v. *Georgia Power Co.,* (No. 22490), ante, 276, upon the rendition of a verdict in favor of the condemnee for $48.40 for the land actually taken, and for $1,499.04 for consequential damages, the power company filed a motion for a new trial.   The court overruled the motion and the power company excepted.

■   The verdict in this case is not so large and excessive as to show undue bias.   In condemnation proceedings the condemnor is liable not only for direct damages for the actual land taken for the public use, but in addition thereto for all consequential damages which naturally and proximately flow from the taking of the land to the remainder of the parcel or tract of land not taken as tend to diminish its market value.   The verdict was for $48.40 direct damages for the 2.42 acres of land actually taken.   The evidence authorized the jury to find that at the time of the taking the land was worth between $18 and $22.50 an acre.   The verdict provided for $1,499.04 consequential damages, showing that the jury found that the market value of the remainder of the tract of land of the condemnee was diminished about 20 per cent., whereas they could have found under the evidence that its market value had been diminished considerably more than this.   In these circumstances we do not think that the verdict in this case was unauthorized by the evidence or showed any bias.

■   Headnote 2 does not require any elaboration.

■   The court did not err in charging the jury that "it would be proper for the jury, in reaching a proper verdict in the case, to take into consideration all the testimony which has been introduced in the trial of the case from the beginning to the end thereof.   At least it is a question of what your opinion is, based upon the law as given you in charge by the court, applied to the facts  in evidence in the case."   All the evidence as to the market value of the land taken and the land remaining in the tract was based upon the opinions of the witnesses, and the effect of the above charge of the court was that the jury should take into consideration all the evidence as to the market value of the land taken and the remainder of the tract, and, applying the law given them in charge by the

court, to form their own opinion as to the market value of the land actually taken and the remainder of the tract after the taking of the 2.42 acres. We are of the opinion that this was a proper charge, and not subject to any of the criticisms made.

■ The court did not err in failing to charge the jury, without a timely written request so to charge, that all the power company was asking was an easement over the 2.42 acres of land of the condemnee. From the evidence in the case and the charge of the court the jury could clearly understand the nature of the taking of this acreage by the power company. After taking the land for the purpose of backing water upon it, the evidence did not show that the land could be used for any other substantial or beneficial purpose so long as the power company continued to so exercise its right of easement thereover. We can not see how, under the facts of this case, the giving of this charge to the jury would have materially aided the condemnor.

■ It follows from what is ruled above that the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Stephens, J., concurs. Jenkins, P. J., disqualified.*