**UNITED STATES v. 76,800 ACRES, MORE OR LESS, OF LAND, IN BRYAN AND LIBERTY COUNTIES, GA., et al.**

District Court, S. D. Georgia, Savannah Division.

April 20, 1942.

J. Saxton Daniel, U. S. Dist. Atty., and Chas. D. Russell, Sp. Asst., and Green B. Everitt, Asst., all of Savannah, Ga., for the United States.

Shelby Myrick, of Savannah, Ga., for C. R. Stanford.

LOVETT, District Judge.

The question for decision is where the burden of proof rests in a case of land taken in condemnation by the United States, there being an issue only as to just compensation for the taking. The public use, the necessity for the taking, and compliance with the statutes are admitted by the landowner (defendant), but he asserts the value is higher than the government's estimate of just compensation deposited in the registry of the court.

The proceeding is under the act of August 1, 1888, 25 Stat. 357, 40 U.S.C.A. § 257 et seq., though a declaration of taking has been filed under the act of February 26, 1931, 46 Stat. 1421, 40 U.S.C.A. § 258a. By Section 2 of the act of 1888, 40 U.S.C.A. § 258, the practice, pleadings, forms and modes of proceedings shall conform, as near as may be, to the practice in courts of record of the state. Under the state practice in Georgia, the condemnor stands in the relation of plaintiff, and the condemnee as defendant; and the burden of proof is on the condemnor to establish by a preponderance of the evidence what amount of money constitutes just and adequate compensation. Streyer v. Georgia Southern & Florida R. R. Co., 90 Ga. 56, 15 S.E. 637; Georgia Power Co. v. McCrea, 46 Ga.App. 279(2), 167 S.E. 542; State Highway Board v. Shierling, 51 Ga.App. 935, 936(3), 181 S.E. 885.

See, also, United States v. Sixty Acres of Land, D.C., 28 F.Supp. 368.

It is urged by the condemnee that because the declaration of taking act of 1931 has been utilized in this case, the act of 1888 is no longer applicable; that the act of 1931 makes the conformity section of the act of 1888 inoperative, as the later statute exhausts the field of procedure. I can not agree. The act of 1931 is only a supplementary statute, permissive in its nature. By its express terms it can be invoked only in a proceeding which has been or may be instituted by and in the name of and under the authority of the United States for the acquisition of land, etc., for public use. The chief purpose of the declaration of taking act is to let the United States promptly acquire title pending the proceedings upon the deposit into court of a sum of money by the acquiring authority estimated to be just compensation for the property taken, and not await the delays incident to litigation.

Burden of proof is entirely procedural. In matters affecting their own practice and procedure, the decisions of the state's courts of last resort are final, and generally may not be re-examined or reviewed even by the Supreme Court of the United States. If I did not regard the Georgia decisions as binding on me I might not follow them. The majority of the courts seem to incline the other way. A strong argument has been made that where the condemnee—as here—admits the public use, the necessity for the taking, and the taking authority has estimated just compensation, the condemnee should have the burden of going forward with evidence if the only possible issue is as to the value of the property taken. It is said the government's estimate shown by the pleadings is presumed to be just, and if neither party offered evidence the verdict would be for the government. See 20 C.J. 982; 29 C.J.S., Eminent Domain, § 271; 2 Lewis Eminent Domain, 3rd Ed., § 645 (426), p. 1114; Town of Hingham v. United States, 1 Cir., 161 F. 295, 15 Ann.Cas. 105; United States v. Crary, D.C., 2 F.Supp. 870, 871 (18); Ralph v. Hazen, 68 App. D.C., 55, 93 F.2d 68(1), 70; Welch v. Tennessee Valley Authority, 6 Cir., 108 F.2d 95, 96(19), 101. Nevertheless, I consider the Georgia decisions controlling in this case. The conformity statute imbedded in the act of 1888 so directs. The new Federal Rules of Civil Procedure do not apply to cases of this character. See Rule 81(a) (7), 28 U.S.C.A. following section 723c.