GEORGIA POWER COMPANY *v.* BROOKS.

No. 17209. OCTOBER 10, 1950. REHEARING DENIED NOVEMBER 15, 1950.

*Miller, Miller & Miller,* for plaintiff.

*Victor Davidson, Jackson & Jackson,* and *Frank O. Evans,* for defendant.

DUCKWORTH, Chief Justice. ■ The first special ground of the motion complains of the charge wherein the court instructed the jury that they should first determine the fair market value of the land embraced in the easement, described as 100 feet in width and 1935 feet in length; that, in doing this, the jury should take into consideration the nature and character of the land and whether or not it contained valuable mineral deposits; and that they should find in favor of the condemnee for the fair market value of the land, and, further, any damages resulting to other lands if they found that any such damage resulted to other lands of the condemnee. This ground is bottomed upon the fact that there was evidence that, prior to the institution of the condemnation proceeding, the condemnee had executed to a third party a lease or option conveying the kaolin and other minerals in the land for a consideration of $600 per year and, in addition, twenty-five cents per ton for bauxite and fifteen cents per ton for kaolin and other minerals when mined and taken from the land. This instrument was to remain of force for twenty-five years, but was terminable at any time by the lessee upon thirty days' notice; and it was contended that the charge required the jury to compensate the condemnee for damages to

the lessee and damages which the condemnee would not sustain. There is abundant evidence in this record showing the amount of kaolin and silica sands in the land embraced in the easement and showing that these constituted the major value of the land. We may put aside at this point all consideration of allegations of the pleadings or the necessity for a request to charge as being irrelevant to a determination of the question raised, for the reason that, when the judge undertook to instruct the jury as to what damages or injuries the condemnee should be compensated for, it was erroneous for him to incorrectly state the damage for which compensation was allowed. As stated above, there was evidence as to the existence of the lease, and its existence was admitted by the condemnee. The holder of the lease is entitled to compensation for its injury. See 18 Am. Jur. 865, § 232; *Comer* v. *Newman*, 95 *Ga.* 434 (22 S. E. 634); *Pause* v. *City of Atlanta*, 98 *Ga.* 92 (26 S. E. 489); *L. & N. R. Co.* v. *Henderson*, 140 *Ga.* 655 (79 S. E. 556). Apparently the trial judge, in giving the charge complained of, overlooked the sole issue in the case, which was the injury to the interest of the condemnee in the property involved. Since this condemnee owned and held the land subject to the interest therein of his lessee, he was not entitled to compensation for the injury to the interest of the lessee, and the court erred as contended in this ground of the motion for new trial.

■ The second special ground complains of the ruling allowing the condemnee to prove prices that the condemnor had paid under agreements with other parties for similar easements; and this ground aassails Code (Ann. Supp.) § 36-608 (Ga. L. 1945, p. 143), which authorizes a condemnee to make such proofs, upon the ground that it offends art. 1, sec. 1, par. 3 of the Constitution of this State (Code, Ann., § 2-103; Ga. L. 1945), wherein equal protection is guaranteed. In *Brunswick & Albany R. Co.* v. *McLaren*, 47 *Ga.* 547 (2), it was held that it was not permissible in a condemnation case to prove what another had paid for a similar easement. In *Flemister* v. *Central Georgia Power Co.*, 140 *Ga.* 511 (6) (79 S. E. 148), it was held that, in the trial of an appeal from the award of appraisers in a condemnation case, it was permissible to introduce evidence of sales of property similar to that in question, made at or near the time of

taking. And in *Merchants National Bank of Rome* v. *Greenwood*, 113 *Ga.* 306 (38 S. E. 826), it was held that evidence of transactions of similar nature, but entirely distinct, with a third party was not admissible.

The general rule is that it is not competent in such cases to prove what the condemnor has paid others for similar easements (118 A. L. R. 869, 875, 893) ; this general rule being based upon the consideration that in such transactions neither party is necessarily free from compulsion—the necessity to acquire as to the one party and the positive necessity to give up on the part of the other. This general rule was applied in this State until the enactment now embodied in Code (Ann. Supp.) § 36-608 (Ga. L. 1945, p. 143). It is therefore plain that, under the general rule, and in the absence of the section attacked, the evidence was subject to the objection. Thus is demonstrated the necessity of ruling on the constitutional question here raised. Since the section allows the condemnee to prove such transactions, but does not allow the condemnor the same right, it does not afford equal treatment, and, hence, is a denial of equal protection to the condemnor, offends art. 1, sec. 1, par. 3 of the Constitution of Georgia (Code, Ann., § 2-103; Ga. L. 1945), and is void. It follows that the evidence was not admissible and the court erred in admitting the same.

■ Special grounds 3 and 4 complain because counsel for the condemnee was allowed, over objection, to get before the jury evidence of offers to compromise, and also evidence as to the amount of an award in another case between the condemnor and a third party; and complaint in these grounds is further made because of certain statements made in the presence of the jury by counsel for the condemnee. The court ruled that evidence of compromise was inadmissible, and that evidence as to the amount of the award was admissible, but, after counsel for the condemnee withdrew the question, this evidence was likewise ruled out. We deem it necessary here only to rule that evidence as to compromise and as to the amount of an award made in another case was inadmissible, and upon another trial should not be allowed.

■ Special ground 5 complains of an excerpt from the charge wherein the burden was said to be on the condemnor to prove

the value of the premises or injury thereto resulting from the easement. The movant does not strongly contend that this is an incorrect rule, and it is recognized that in *Streyer* v. *Ga. Sou. & Fla. R. Co.*, 90 *Ga.* 56 (15 S. E. 637), and in *Georgia Power Co.* v. *McCrea*, 46 *Ga. App.* 279 (167 S. E. 542), it was held that the burden was upon the condemnor. But it is strongly contended that the ruling in *Postal Telegraph &c. Co.* v. *Peyton*, 124 *Ga.* 746 (52 S. E. 803), is in conflict therewith, and that this court should now eliminate the conflict. While there are involved such matters as requiring the condemnor to make proof against its interest and the necessity for evidence to authorize the amount found for the condemnee—which would suggest that the condemnee should have the burden of proving injury, however, the basic and controlling requirement is the constitutional command that, before such taking of private property for public use, the taker must first pay therefor, and this burdens the taker to prove the value thereof. To obtain a verdict fixing that value, the taker must introduce evidence showing value. At any rate this has been the recognized rule since the decision in *Streyer* v. *Ga. So. & Fla. R. Co.*, supra, and we are not inclined to change it. As to the ruling in *Postal Telegraph &c. Co.* v. *Peyton*, supra, we find no conflict there with the above decisions. It was simply held that the amount of the verdict for the condemnee was not authorized by the evidence. That ruling is consistent with the ruling placing the burden of proving the value upon the condemnor. In all cases the parties are privileged to produce evidence that is beneficial to themselves, irrespective of the evidence of the other party. The charge complained of accords with the rule, and this complaint is without merit.

In special ground 6 complaint is made because the condemnee was allowed to prove that mining of kaolin and silica sand, if done at the same time, would be less expensive. Whether or not such evidence was relevant, it does not appear that it could possibly have been prejudicial to the condemnor. Special ground 7 complains because the court refused to allow the condemnor to purge the jury of jurors who had rendered a verdict in another similar condemnation case. Obviously such jurors were not disqualified, and the court did not err in the ruling complained of. Special ground 8 is an elaboration of the gen-

eral grounds; and since the evidence may not be the same at another trial, no ruling will be made on the general grounds.

*Judgment reversed. All the Justices concur.*