## 35331. HOUSING AUTHORITY OF THE CITY OF CALHOUN *v.* SPINK.

DECIDED NOVEMBER 4, 1954.

*Y. A. Henderson,* for plaintiff in error.
*Harry Lawrence, James B. Langford,* contra.

QUILLIAN, J.   No material errors of law appearing and the evidence amply supporting the verdict, the general grounds of the motion are without merit.

Special ground 1 of the motion for new trial assigns error because the judge charged the jury: "I charge you, gentlemen, that the burden of proof rests on the plaintiff in this case to prove to you what is the fair market value of the property condemned by them, and what are the consequential damages, if any, and the consequential benefit, if any.   The plaintiff in the case enters upon the trial with the burden of proof resting on them to prove by a preponderance of the evidence the truthfulness of their contentions."   The condemnor contends that this was error because the judge did not instruct the jury what

facts the condemnor had the burden of proving. It would be impracticable for the judge to enumerate all the facts that the condemnor had the burden of proving. The judge instructed the jury to refer to the pleading, which revealed the issues in the case. Therefore, there was no merit in this contention.

The condemnor also contends that the above-quoted charge was error because the judge referred to the condemnor as the "plaintiff." This was not error, because in a condemnation proceeding the condemnor stands in the relation of the plaintiff and the condemnee stands in the relation of the defendant to the case. *State Highway Board* v. *Shierling*, 51 *Ga. App.* 935 (181 S. E. 885).

The condemnor further insists that the charge was error because it instructed the jury that the burden of proof was upon the condemnor to prove the consequential damages, if any, to other property of the condemnee. This point is decided, adversely to the condemnor's contentions, in *Georgia Power Co.* v. *Brooks*, 207 *Ga.* 406 (4), 410 (62 S. E. 2d 183), where it was held: "Special ground five complains of an excerpt from the charge wherein the burden was said to be on the condemnor to prove the value of the premises or injury thereto resulting from the easement. The movant does not strongly contend that this is an incorrect rule, and it is recognized that in *Streyer* v. *Ga. Sou. & Fla. R. Co.*, 90 *Ga.* 56 (15 S. E. 637), and in *Georgia Power Co.* v. *McCrea*, 46 *Ga. App.* 279 (167 S. E. 542), it was held that the burden was upon the condemnor. But it is strongly contended that the ruling in *Postal Telegraph &c. Co.* v. *Peyton*, 124 *Ga.* 746 (52 S. E. 803), is in conflict therewith, and that this court should now eliminate the conflict. While there are involved such matters as requiring the condemnor to make proof against its interest and the necessity for evidence to authorize the amount found for the condemnee—which would suggest that the condemnee should have the burden of proving injury, however, the basic and controlling requirement is the constitutional command that, before such taking of private property for public use, the taker must first pay therefor, and this burdens the taker to prove the value thereof. To obtain a verdict fixing that value, the taker must introduce evidence showing value. At any rate this has been the recognized rule since the decision

in *Streyer* v. *Ga. So. & Fla. R. Co.,* supra, and we are not in-clined to change it. As to the ruling in *Postal Telegraph &c. Co.* v. *Peyton,* supra, we find no conflict there with the above decisions. It was simply held that the amount of the verdict for the condemnee was not authorized by the evidence. That ruling is consistent with the ruling placing the burden of proving the value upon the condemnor. In all cases the parties are privi-leged to produce evidence that is beneficial to themselves, irrespective of the evidence of the other party. The charge com-plained of accords with the rule, and this complaint is without merit." *State Highway Board* v. *Shierling,* supra; *Streyer* v. *Ga. So. & F. R. Co.,* 90 *Ga.* 56 (15 S. E. 637) ; *Gunter* v. *King,* 46 *Ga. App.* 297 (167 S. E. 549) ; United States *v.* A Certain Tract or Parcel of Land in Chatham County, Ga., 47 Fed. Supp. 30.

Special ground 2 of the amended motion complains of an ex-cerpt from the charge which states: "In all actions for the con-demnation of real property tried in accordance with the laws of this State, the condemnee, that is, Mr. Spink, shall be permitted to introduce in evidence the value of any real property of a com-parable use wherever situated, or either party may do so, whether the same has been previously acquired by the condem-nor in such action or not. The condemnee in such action shall be permitted to show in evidence the price paid by the con-demnors therein for any comparable property acquired by the condemnor within two years prior to the institution of the con-demnation proceedings in which such evidence is sought to be introduced." The condemnor contends that said charge was erroneous because it was a charge of Code § 36-608, which has been held unconstitutional. This ground of the motion is not sufficient in that it does not state any reason why the charge was harmful. However, if the ground had been complete, no evi-dence was introduced by the condemnee as to other property which had been condemned, and the charge could not have been harmful.

Ground 3 of the amended motion complains that the court erred in charging the jury as follows: "Gentlemen, there is only one issue in this case; and that is, or two issues, what is the fair market value of the property sought to be taken or taken by the condemnor, and what consequential damages and conse-

quential benefits, if any. By what is meant by market value of property, is what it will bring when sold for cash by a person ready and willing to sell, but under no obligation to sell, and when bought by a person ready and willing to buy, but under no obligation to buy."

The first objection to this charge is, that the judge first told the jury there was only one issue, and then instructed them that there were two issues, and then set out three issues to be decided, thereby confusing the jury. The charge was not confusing, because it is clear there were two issues to be decided: the market value of the property, and the consequential damages, from which the just and adequate compensation would be determined. As to the criticism that the charge was confusing, this charge had the same legal import as the one approved in *Georgia Power Co.* v. *Chapman,* 46 *Ga. App.* 582 (7) (168 S. E. 131).

The second complaint made of the charge is that the judge did not instruct the jury to restrict the value of the property to the time the condemnation proceedings were instituted. The judge elsewhere in the charge made it clear that the jury was to determine the fair market value at the time the condemnation proceeding was instituted. The charge must be considered in its entirety, and extracts on which error is assigned are to be considered in connection with the entire charge. Therefore, this ground is without merit. *Dorsey* v. *State,* 2 *Ga. App.* 228 (4, 6) (58 S. E. 477) ; *City of Atlanta* v. *Champe,* 66 *Ga.* 659 (2).

The 4th ground of the condemnor's motion for a new trial complains of an excerpt from the charge, as follows: "Gentlemen of the jury: This case was instituted by the Housing Authority of the City of Calhoun, in an effort to condemn certain property belonging to J. L. Spink under an act of Congress."

The condemnor contends that this charge is error because it instructed the jury that the property in question was being condemned under authority of an act of Congress, when actually the proceedings were instituted under an act of the General Assembly of Georgia. The condemnor asserts that the charge was hurtful for the reason that the jury was impressed that any verdict returned in favor of the condemnee would be paid from the treasury of the United States Government, and that the jury was induced to return a larger verdict, to be paid by

the Federal Government, than they would if the verdict was to be paid by a housing authority created by the General Assembly of this State.

It is true that the Housing Authority condemned the property under State and not Federal authority, and the charge was not entirely accurate. However, we cannot conceive of any logical reason why this mere inaccuracy in reference to a matter not in issue would have caused the jury to return a larger verdict than they otherwise would. "The test of reversible error is whether or not the jury were misled so that they reached a different result than they would have reached but for the error, or whether there is a serious misdirection in the charge excluding from the consideration of the jury an issue properly in the case, or whether the instruction probably prejudicially affected the substantial rights of the complaining party or resulted in a miscarriage of justice." 3 Am. Jur. 643, § 1124.

The condemnor assigns, as the second reason why the charge was erroneous, that it did not instruct the jury sufficiently as to the contentions of the parties. The judge instructed the jury as follows: "I have not attempted to state to you with absolute faithfulness as to detail the contentions of the parties in this case. Those contentions are set out in the pleading which you will have out with you, and to which you may refer as often as you care to do to determine what are the contentions of the parties." The requirement that the contentions of the parties be stated is ordinarily fulfilled when the judge instructs the jury to read and refer to the pleadings. "While it is the duty of a judge to state the contentions of the litigants, an instruction that the jury will find the contentions of the parties in the petition and answer, which are so clearly set out and so frequently referred to by counsel that the court does not deem it necessary to again state them, sufficiently meets the requirement, unless the special facts of the case demand a more formal summary to prevent possible misapprehension." *Jones* v. *McElroy,* 134 *Ga.* 857 (3) (68 S. E. 729, 137 Am. St. R. 276).

The condemnor further insists that the charge was error because the judge stated that the case was instituted, "in an effort to condemn certain property." This statement merely meant that the housing authority was in the process of condemning the

property. There was no implication that there was any resistance to the action, except as to the amount of compensation to be paid. The charge was not error for the reason assigned.

Ground 5 of the amended motion challenges the correctness of the trial court's ruling excluding a tax return offered in evidence by the condemnor. This tax return did not list the property involved in the condemnation proceeding. The judge excluded the evidence because it was not pertinent to the issues. The only questions involved in the case were the market value of the property condemned, whether the condemnee was entitled to recover for consequential damages to the remainder of the tract of land not taken under the condemnation proceeding, and if so, what amount of consequential damages he would be entitled to recover. The tax return referred to did not disclose anything that could have been helpful to the jury in determining either of these questions. The court correctly excluded the evidence.

The 6th special ground complains that the court erred in admitting evidence as to the price paid by the condemnee, after the condemnation proceedings were begun, for real property situated in the vicinity of that condemned.

The only objection interposed to the admission of this evidence was that it was irrelevant. Under a long line of decisions of this court, the objection was not sufficient to raise any question as to the admissibility of the evidence. *Crosby* v. *State,* 43 *Ga. App.* 220 (158 S. E. 633); *Woods* v. *Pass,* 43 *Ga. App.* 487 (159 S. E. 776).

The condemnor further asserts that the judge erred by expressing an opinion, while ruling on the admissibility of evidence, as to the sale of property bought by the condemnee. The judge's statement was as follows: "I don't think so, it is relative value, I think it is admissible." The condemnor contends the judge meant that the property bought by the condemnee and that condemned were of equal value. Webster's New Collegiate Dictionary defines the word "relative" as: "Having relation, reference, on application; referring; pertaining, pertinent." Black's Law Dictionary (4th ed.) states: "In the law of evidence, a fact having relation to another fact; a minor fact; a circumstance." It is clear that the jury could not have inferred that the judge

meant the two parcels or tracts of property were of equal value. Therefore, this contention is without merit.

Special ground 7 assigns error because the condemnee was allowed to state his opinion as to the value of certain property in the vicinity of that condemned, which had been sold to the Georgia Textile Corporation. The condemnee testified that he was familiar with the property in question, and this was enough to satisfy the requirements of Code § 38-1709. *Central Railroad &c. Co.* v. *Skellie*, 86 *Ga.* 686, 693 (12 S. E. 1017).

Further objection was made to this evidence because the condemnee was allowed to testify as to the price paid by the Georgia Textile Corporation for this property. The evidence was admissible, because it was a sale of similar property, located near that condemned, at or near the time the condemnation proceeding was instituted. *Flemister* v. *Central Ga. Power Co.*, 140 *Ga.* 511 (6) (79 S. E. 148). The condemnor also contended that it was error to admit the evidence as to a sale of this property to the Georgia Textile Corporation, because the circumstances of the sale were not given. The evidence showed that the sale was free from compulsion, therefore this contention is without merit.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*