### 56400. CITY OF ATLANTA v. BROOKINS et al.

McMurray, Judge.

This is a condemnation case, tried by a jury following the award by a special master ($11,500) and an appeal of same by the condemnees. A verdict returned in favor of the condemnees in the amount of $34,064 became the judgment of the court which also awarded $6,000 for "attorneys fees and reasonable and necessary expenses of litigation" as part of just and adequate compensation. Condemnor appeals. *Held:*

1. The City of Atlanta having filed its enumeration of errors and brief in accordance with Rule 14 (Code Ann. § 24-3614) and Rule 16 (Code Ann. § 24-3616), the condemnees' motion to dismiss the appeal is denied.

2. Based upon the decisions of *Smaha v. State Hwy. Dept.*, 114 Ga. App. 60 (2) (150 SE2d 327), and *Ga. Power Co. v. Brooks,* 207 Ga. 406, 410 (62 SE2d 183), during the examination of a witness who was testifying as to comparable properties, the condemnor objected to testimony in regard to a particular sale for "$23.55 a square foot," later "sold to the City for $51.00 per square foot" (the city being the condemnor here), and moved for a mistrial because it involved "a sale to a governmental authority." The motion was subsequently denied. However, the trial court sustained the objection to the testimony and instructed the jury to disregard this

testimony as inadmissible and improper, as the law does not permit the jury to consider a price paid by a governmental agency for land if same is "not free from compulsion," and "the price offered does not reflect upon the fair market value of the land." See in this connection *Ga. Power Co. v. Brooks,* 207 Ga. 406 (2), 410, supra. We also note the trial court admonished, rebuked and reprimanded counsel for the condemnees and the witness for presenting this particular evidence and again instructed the jury "to totally ignore it."

The testimony objected to here did not show whether or not the sale was based upon compulsion resulting from a forced sale due to condemnation or any other necessity of the city to acquire the property. However, we do not have to decide whether the testimony excluded was admissible as it was not shown that the sale resulted from compulsion or necessity due to condemnation or otherwise. The court ordered the testimony stricken because it involved a sale "to a governmental unit." The trial court did not thereafter err in denying the motion for mistrial, since it struck the testimony, and no abuse of discretion has been shown. *Bowman v. Bowman,* 230 Ga. 395, 396 (1) (197 SE2d 372); *Salmon v. Salmon,* 223 Ga. 129 (1) (153 SE2d 719).

3. At the conclusion of one of the witnesses' testimony the condemnor moved to strike same because his testimony attempted to arrive at a value of the property being condemned by testifying as to alleged comparable properties which it contends were not similar in terms of size, location and shape. However, counsel for condemnor did not object to this testimony as it was given to the jury and now seeks to strike the testimony in whole, contending the properties were not similar in size, location and shape. Generally, evidence of sales of property similar to that in question made at or near the time of the taking is competent evidence and may be considered to throw light on the issue of the value of the property sought to be condemned. *West v. Fulton County,* 95 Ga. App. 320, 321 (97 SE2d 785); *Flemister v. Central Ga. Power Co.,* 140 Ga. 511, 514 (79 SE 148); *Housing Authority v. Spink,* 91 Ga. App. 72 (85 SE2d 80); *Smaha v. State Hwy. Dept.,* 114 Ga. App. 60, 61 (2), supra. However,

as to whether or not the witness testified as to comparable properties similar to that in question is within the sound discretion of the trial judge. The condemnor has not pointed out in what particulars the testimony sought to be stricken was not, as to comparable properties, similar in location, use and potential so as to make the information irrelevant in the trial here. The trial court did not abuse its discretion in refusing to strike the testimony, particularly where there were no objections to the testimony as to each and every parcel of comparable property as this testimony was presented in evidence.

4. One of the condemnees qualified as an expert in that he had purchased and owned approximately 20 pieces of real estate, was knowledgeable in terms of price for which one can purchase and sell real estate within the City of Atlanta, was familiar with the area in which the condemned property was located, owned other property in the area and that he had reached an opinion as to the value of the property being taken by the condemnor. Based upon the above, the trial court did not err in overruling an objection that he was not qualified as an expert. *Oak Ridge Village, Inc. v. La Siesta Mobile Home Park,* 130 Ga. App. 539, 540 (1) (203 SE2d 748), and cits.

5. In condemnation cases the burden is on the condemnor to prove the value thereof, hence the condemnor must introduce evidence showing value but is not prevented from introducing testimony beneficial to itself. See *Streyer v. Ga. S. & F. R. Co.,* 90 Ga. 56 (15 SE 637); *Ga. Power Co. v. Brooks,* 207 Ga. 406 (4), 411, supra; *State Hwy. Dept. v. Murray,* 102 Ga. App. 210, 214 (115 SE2d 711); *State Hwy. Dept. v. Kinsey,* 131 Ga. App. 770, 771 (206 SE2d 835). The condemnor, having offered its expert witness as to value which was in considerable conflict with testimony of witnesses offered by the condemnees, the jury had ample evidence before it to make a determination as to value. Therefore, the trial court did not err in denying the condemnor's motion for directed verdict in its favor since the jury was authorized from the evidence to make a determination as to value.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 6, 1978 — DECIDED NOVEMBER 2, 1978.

*Ferrin Y. Mathews, W. Roy Mays, III,* for appellant.
*Gray, Hinson & Weyant, John C. Gray,* for appellees.