## 23900. SALMON v. SALMON.

DUCKWORTH, Chief Justice. 1. The granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with. *Manchester v. State,* 171 Ga. 121 (7) (155 SE 11·); *Georgia Power Co. v. Puckett,* 181 Ga. 386 (182 SE 384); *Hicks v. State,* 196 Ga. 671 (27 SE2d 307). The two incidents here involving two separate motions for mistrial resulted from a witness testifying that he took out a peace warrant because he "didn't know what a mean damn woman like that would do," and because the appellee while on the stand as a witness in his behalf injected, not in answer to any question, the exclamation, "she had lied about this payment." In both instances the witnesses were rebuked and reprimanded by the court, and this court can not say, as a matter of law, that a mistrial should have been granted to preserve a fair trial. Indeed, the expressions of the witnesses, as to them, were apparently believed to be the truth. Neither of the enumerations of error complaining of the failure to grant the motions is meritorious.

2. The wife alleged cruel treatment as ground for divorce, and the husband also charged her with cruel treatment as the basis for his prayer for divorce. By these allegations the question of who was cruel to whom, and the credibility of each was put squarely on the line. In this situation, the freedom with which the appellant-wife had employed similar allegations in a divorce proceeding against a former spouse became relevant as to the honesty and credibility of such charges. The wife on cross examination was compellable to answer any relevant questions touching her credibility. When counsel asked her if in a suit against a former husband she charged in Paragraph 4 of the petition, "exactly and precisely the same allegations," she replied, "That is a lie." The objection to the introduction of Paragraph 4 of the former suit was that: "We submit that has nothing to do with the issues in this case, as to what was involved in another case, and we object on that ground and move to exclude any evidence with reference to it." This objection is insufficient to present any question for decision. *Middleton v. Waters,* 205

Ga. 847 (55 SE2d 359); *Greyhound Corp. v. Clough,* 211 Ga. 574 (87 SE2d 387). But the question, answer and Paragraph 4 of the former suit reflect upon her credibility, and this is one of the vital purposes of cross examination. It was admissible for this purpose. *Eberhardt v. Bennett,* 163 Ga. 796 (3) (137 SE 64); *Elder v. Atlanta-Southern Dental College,* 183 Ga. 634 (2) (189 SE 254); *Terry v. Fickett,* 199 Ga. 30 (8) (33 SE2d 163). The enumeration of error complaining of the admission of this evidence is without merit.

3. One of the charges of mistreatment by the defendant was that she drank to excess, and bit and struck the petitioner when drinking; hence the trial court did not err in instructing the jury as to the pleadings that "he alleges that on numerous occasions she became drunk . . . on one occasion, I believe, bit him without provocation or justification." The evidence shows testimony to this effect as well as the allegations, and as the court was paraphrasing the pleadings rather than reading them verbatim to the jury, there is no merit in the complaint that the court was expressing an opinion on the facts. This enumeration is not meritorious.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 13, 1967—DECIDED FEBRUARY 23, 1967.

*Clower & Royal, E. J. Clower,* for appellant.

*Hugh J. Martin, Cook & Palmour, A. Cecil Palmour,* for appellee.