## 27694. BOWMAN v. BOWMAN.

JORDAN, Justice. Roger Otto Bowman, Sr., appeals a divorce decree dissolving his marriage to Marchita Jenkins Bowman based on a jury verdict which includes an award of $20 per week for child support, plus 50% interest in a farm and $20,000 for alimony. *Held:*

1. Three enumerations are argued on the basis that throughout the trial and by every possible means the plaintiff undertook to apprise the jury that the trial judge had ordered the defendant to pay the plaintiff $1,700 alimony.

The defendant on cross examination made the statement that he had deducted $1,700 on a tax return as alimony. Counsel for the defendant then moved for a mistrial on the ground that "anything concerning a

temporary order was improper." The trial judge overruled the motion and instructed the jury to disregard "any question and answer with respect to any type of court order."

Thereafter, the plaintiff on direct examination, in explaining her tax return, stated that "the money that was paid as alimony was included in that income," and although error is asserted on appeal in this instance because the plaintiff deliberately injected testimony of the previous award, the transcript fails to reveal any objection.

Later, on cross examination, but not in response to the question asked, the plaintiff stated, "All I had gotten from Roger since we separated is what the court had ordered him to give me." The court sustained an objection to this statement but again refused to declare a mistrial for the defendant. Instead, he instructed the jury to disregard the statement, and instructed the witness, "not to make any more statements with respect to any order of the court."

An instruction to the jury to disregard evidence is tantamount to an exclusion. *Salter v. Williams,* 10 Ga. 186, 190. "The granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with." *Salmon v. Salmon,* 223 Ga. 129 (1) (153 SE2d 719). See 88 CJS 96, Trial, § 36 (b).

Enumerations 2, 3, and 4 are without merit.

2. It is asserted that the trial judge erred in striking the affidavit of a juror which, it is argued, explains, but does not impeach, the verdict. The gist of this affidavit is to the effect that the jury, contrary to the evidence, believed that the defendant owned certain stock of a market value of $40,000; that he had not satisfactorily

accounted for the stock or its value; that the jury believed that plaintiff was entitled to 50% of the value, and that "if the majority of the jurors had not thought that the stock was worth $40,000 they would not have awarded Mrs. Bowman a verdict for $20,000, but would have confined the award to a one-half interest in the farm." The affidavit was procured to be used as evidence at the hearing on a motion for new trial.

A poll of the jury immediately after verdict leaves no doubt that the jury did award $20,000 for alimony. The evidence concerning the value of the stock is somewhat nebulous, but there is other evidence from which the jury could determine that the defendant had acquired assets during the marriage, the disposition of which is not satisfactorily explained, which would entitle the plaintiff to an award of $20,000 in addition to one-half interest in the farm.

It is settled law that a juror may by affidavit explain, but not impeach, a verdict. Code § 110-109. "Nothing coming from a juror, either directly or indirectly, in the way of a narrative with respect to the manner in which a verdict was arrived at, will be heard to impeach the same." *Southern R. Co. v. Sommer,* 112 Ga. 512 (37 SE 735). That the verdict was caused by mistake, or a misunderstanding of the evidence, as disclosed by a member of the jury, will not be heard. *Smith v. Banks,* 65 Ga. 26 (2); *Coleman v. Slade & Etheridge,* 75 Ga. 61 (13). Also, see *Wellbeloved v. Wellbeloved,* 209 Ga. 709 (4) (75 SE2d 424).

The affidavit here involved is one impeaching the verdict and was properly rejected. Enumeration 5 is without merit.

3. There is some evidence to support the grant of a divorce on the ground of cruel treatment, in that the defendant caused mental anguish by his sulking manner, by his visits to the home of another woman, by his failure to explain an absence from home, and by

his general conduct towards the plaintiff. The evidence, as viewed in the light most favorable to the plaintiff, supports the award for alimony.

Enumeration 1, that the trial judge erred in overruling the motion for a new trial, which is limited to the usual general grounds, is without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 12, 1973 — DECIDED APRIL 13, 1973.

*Frank M. Gleason,* for appellant.
*George W. Adams,* for appellee.