## 57515. DEPARTMENT OF TRANSPORTATION v. WORLEY et al.

McMURRAY, Presiding Judge.

This is a condemnation case brought by the Georgia Department of Transportation to condemn 2.444 acres of land belonging to Roy Edgar Worley and others. However, the other interests in the land are not here involved. The condemnor sought by condemnation to acquire the fee simple title to the property for a limited access highway and with reference to an interchange at an intersection of Interstate Highway 75 and Georgia State Road 136 located in Gordon County. The highway was a limited access highway as provided for under Georgia Laws 1973, pages 1087, 1090, as amended. The proceeding was brought as required by a declaration of taking in order "to acquire the title, estate or interest" in the lands and to pay the sums estimated as just compensation therefor in accordance with applicable law (Code Ann. § 95A-605

(Ga. L. 1973, pp. 947, 1010; 1974, pp. 1422, 1430; 1975, pp. 813, 814)). The sum of $15,300 was duly deposited with the clerk as estimated just and adequate compensation for the property described and taken, and an order of condemnation was issued taking the property in fee simple.

Condemnee appealed. A jury trial was held as to the value of the property, and a verdict was rendered in favor of the condemnee in the sum of $32,500. Whereupon the court entered judgment for this amount, less the amount heretofore paid into court, plus interest. In addition, the trial court, based upon evidence, found reasonable attorney fees in favor of the condemnee to be $1,750, plus interest and $264.85 in expenses. The condemnor moved for new trial which was amended and thereafter denied after a hearing. Condemnor appeals. *Held:*

1. Condemnor first argues and submits that the award of attorney fees and expenses as additional damage here is erroneous in view of the recent decision of the Supreme Court in *DeKalb County v. Trustees, Decatur Lodge 1602, B. P. O. Elks,* 242 Ga. 707 (251 SE2d 243), decided November 22, 1978. However, the case sub judice was tried on May 25 and 26, 1978, prior to that decision. Based upon the two recent decisions by this court, the same being *Housing Authority of the City of Atlanta v. Southern R. Co.,* 150 Ga. App. 4 (1979); and *Dept. of Transportation v. Kendricks,* 150 Ga. App. 9 (1979), two separate divisions of the Court of Appeals have both held owners in condemnation cases have vested rights to just and adequate compensation which cannot be destroyed by applying the law existing as of the date of the appeal to a case that has already been tried. See *Calhoun v. State Hwy. Dept.,* 223 Ga. 65 (2) (153 SE2d 418). Accordingly, there is no merit in the condemnor's contention that the judgment should be reversed as to attorney fees and expenses as additional damage in the case sub judice.

2. During the trial the question arose as to whether the property taken would limit the access to the remainder of the property of the condemnee. Counsel for condemnor took the position that the remaining lands of the condemnee (7.012 acres) on the west side of the access of Frontage Road was not limited as to access to this road.

The trial court ruled that the property taken by fee simple title as shown by the declaration of taking (which included "the right of way, easements and access rights, if any"), the order of taking, and the petition, was for limited access. Whereupon the court charged the jury the substance of Code Ann. § 95A-935 (Ga. L. 1973, pp. 947, 1087) as to the definition of a limited-access road. It also charged the substance of Code § 95A-946 (Ga. L. 1973, pp. 947, 1092) as to the rights of adjoining property owners to obtain commercial driveway permits according to the regulations of the Georgia Department of Transportation. Counsel for the condemnor stated "in his place" that the access to the road was not limited and that he would amend the declaration of taking to so show this. He also sought to present testimony of the right-of-way engineer for the district in which the land is located to show that the access to the remaining land of the landowner was not limited. However, the trial court refused to allow this testimony. A reading of the declaration of taking, the petition, and all the facts and circumstances surrounding the taking of the property, shows clearly that same was taken for the purpose of constructing "a certain State aid road (limited access highway) laid out by petitioner as part of the State Highway System of the State of Georgia." The property condemned in fee simple included, "such rights as described in such petition and such Application." At the time of the trial the land had already been condemned in accordance with the petition and the declaration of taking. Thus considering counsel's statement as an officer of the court, "in his place" as evidence that the remainder of the land not taken had unlimited access to the frontage or access road and that the taking was not limited (see *Cross v. Cook,* 147 Ga. App. 695, 696 (250 SE2d 28) and cases cited therein); the order of taking, the petition and the declaration of taking all refute his statement and that of the testimony he sought to introduce by the district engineer. The exercise of the right of eminent domain is a legislative function, and the powers delegated by the General Assembly thereunder must be exercised in strict conformity with the statute. See *Toomey v. Norwood Realty Co.,* 211 Ga. 814, 816 (89 SE2d 265); *Marist Society of Ga. v. City of Atlanta,* 212

Ga. 115, 118 (4) (90 SE2d 564); *State Hwy. Dept. v. McCurdy,* 217 Ga. 731, 735 (124 SE2d 630). At the time there was an offer of amendment. But the pleadings were not amended, and it is very doubtful that same could be amended except through the procedure of starting an entire new in rem condemnation procedure. The pleadings set out that the condemnation involved a limited access highway and involved delineated access rights; hence, the trial court did not err in excluding the testimony of the district engineer and in disregarding the statement of counsel for the condemnor. See in this connection *State Hwy. Dept. v. McCurdy,* 217 Ga. 731, 736, supra.

3. Since the granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, the trial court did not abuse its discretion in denying the motion for new trial by sustaining the objection to a certain question with reference to "the comparison between your appraisals and the jury verdict." It cannot be said that a mistrial was essential to the preservation of the right to a fair trial as the court carefully instructed the jury to disregard the question and not to speculate as to what the answer might have been or as to the purpose of asking the question and to strike it from their minds and not to consider it in their deliberations. The trial court then admonished counsel for the condemnee to move on to something else. See *Salmon v. Salmon,* 223 Ga. 129 (1) (153 SE2d 719); *Bowman v. Bowman,* 230 Ga. 395, 396 (197 SE2d 372).

4. Objection was made regarding the testimony of an expert witness for the condemnee with reference to comparable sales and using a sale which occurred in December of 1973 when the taking was May 12, 1977. Generally the trial court's determination as to the allowance of testimony with reference to comparison sales will not be disturbed by the appellate courts unless it be manifestly abused. While no properties are exactly the same, and the properties here were not exactly similar with reference to the time element between the sales, these differences were matters which the jury may note and weigh in considering the probative value of the evidence and upon which counsel for the parties have

regularly commented in their argument and upon which an appropriate charge has been given. See *Ga. Power Co. v. Walker,* 101 Ga. App. 454 (2), 457 (114 SE2d 159); *Flemister v. Central Ga. Power Co.,* 140 Ga. 511, 515-516 (79 SE 148).

5. After a witness has given his basis for opinion evidence as to value it is up to the jury to determine its weight. *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1 (1), 5 (76 SE 387). After overruling the objection made to the admission of the evidence as to the comparable sale the court stated "I'll let the jury give it what credit they, taking into consideration the time and as to the time span." While the court's language is somewhat incomplete, it is quite evident the court was instructing the jury to consider and weigh the credibility of the evidence. As to the comparable sale involving a "ten-year pay out" as not being a true sale the condemnor made no objection to the admission of this evidence until after the examination of the witness was approximately completed. It is too late to urge objections to the admission of evidence after it has been admitted without objection. See *Ga. Power Co. v. Harwell,* 113 Ga. App. 653, 655 (3) (149 SE2d 376). However, the condemnor demonstrated no reason as to why the evidence was prejudicial. We find no manifest abuse of discretion by the trial judge in allowing this testimony in evidence.

6. There was no error in allowing the expert witness to testify as to the nature of the land and its value in relation to the roads and interstate highways. There was no error in allowing the witness to testify that some of the land was more valuable than other areas, that is, the property closest to the roads and interstate highway would be logically worth more than that farther away. We find no error here inasmuch as the only thing involved was the fair market value of the land. The witness may testify as to the nature of the land and whatever various elements go to give it value, yet the witness is not permitted to give a separate value of all the separate items that go to make up the land so as to get the aggregate. Compare *Southern R. Co. v. Miller,* 94 Ga. App. 701, 703 (96 SE2d 297).

7. Before the condemnee was allowed to testify as to

value he was qualified as to his general knowledge of land values in and around the county wherein the condemned land was located. He had talked with people who had made sales of land, he had priced land himself, and he had studied value as offered for sale in the Market Bulletin, and was familiar with the property sought to be condemned since he was the owner. His testimony shows clearly that he had an opportunity for forming a correct opinion as to value, and the trial court did not err in allowing him to testify. See *Schoolcraft v. DeKalb County,* 126 Ga. App. 101, 102 (2), 103 (189 SE2d 915); *City of Atlanta v. Layton,* 123 Ga. App. 432, 435 (4) (181 SE2d 313).

8. When a jury returns a verdict which is obviously conflicting it is proper for the trial judge to explain the conflict to the jury and send them back for further consideration, and it is not required that he receive and publish it. See *Smith v. Pilcher,* 130 Ga. 350 (1) (60 SE 1000); *Conner v. Mangum,* 132 Ga. App. 100, 103 (2) (207 SE2d 604). Here the trial court did not approve the verdict. However, when the verdict was presented there was a sheet of paper showing 12 figures thereon. It would appear this might have been the result of 12 jurors putting down a valuation, adding same up and dividing same by 12, which may not be done, as a verdict may not be decided by an average or quotient basis. Out of an abundance of caution the trial judge instructed the jury that he did not know whether they arrived at their verdict this way or not, but he proceeded to instruct them that they could not average the verdict; that they could not put down what each individual juror feels the verdict should be and then average that because that is not a finding of the jury as a whole. He then instructed them that a jury verdict must be unanimous and that they could not average the verdict. We do not consider that the trial judge has acted improperly in thus re-instructing the jury to avoid a possible quotient verdict in the case. See *City of Columbus v. Ogletree,* 102 Ga. 293, 298 (29 SE 749).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

ARGUED APRIL 3, 1979 — DECIDED JUNE 22, 1979 —

*Warren Akin,* for appellant.
*Langford, Bailey & Overby, William P. Bailey,* for appellees.