## 63207. STANLEY v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction for motor vehicle theft. *Held:*

1. The trial court did not err in denying the defendant's motion for a continuance to enable him to secure certain alleged witnesses. The defendant was actively represented by appointed counsel during virtually the entire 45-day period between his arrest and trial, yet he did not disclose the existence of these witnesses until immediately prior to trial. Furthermore, he did not inform the court of the specific nature of the testimony he expected them to offer on his behalf. Although the trial court declined to grant a continuance, he did offer the defendant the full cooperation of the sheriff's department in securing whatever witnesses could be located, and he further offered to hold the case over for one day if necessary. The trial court was fully justified in concluding that the continuance was sought for the purpose of delay, and he did not abuse his discretion in refusing to grant the motion. See generally *Pope v. State,* 140 Ga. App. 643 (1) (231 SE2d 549) (1976).

2. The state's counsel, in questioning a detective concerning a witness' identification of the defendant from a "mug book," asked, "What are mug books exactly," to which the officer responded, "They are pictures of individuals that we have had previous cases on." The trial court did not err in denying the defendant's subsequent motion for mistrial based on the interjection of his character into issue.

It has been held that a witness' classification of a defendant's photograph as a "mug shot" does not place his character in issue. *Atcheson v. State,* 136 Ga. App. 152 (2) (220 SE2d 483) (1975). Nor does a police officer's statement to the effect that he "decided to pull some pictures of [the defendant] from our file . . ." *Woodard v. State,* 234 Ga. 901 (2) (218 SE2d 629) (1975). Nor does an officer's statement that he discovered the defendant's true name by checking "his record." *Ogles v. State,* 238 Ga. 716 (235 SE2d 384) (1977). It follows that the response of the officer in the case before us now fell short of placing the defendant's character in issue.

3. The evidence was sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 25, 1982 —
REHEARING DENIED MARCH 16, 1982 —

*Harry J. Fox, Jr.,* for appellant.
*Theron Finlayson, District Attorney, James F. Garnett, Assistant District Attorney,* for appellee.