## 63493. RYLE v. SLIZ et al.

SHULMAN, Presiding Judge.

When appellees Sliz and Beauchene defaulted on a promissory note to appellant Ryle, Ryle filed suit for damages he purportedly sustained as a result of appellees' alleged negligent breach of a private duty. Code Ann. § 105-104. Alleging stubborn litigiousness on the part of appellees, appellant also sought expenses of litigation pursuant to Code Ann. § 20-1404. This appeal stems from a jury verdict in favor of appellees and the denial of appellant's motions for new trial and for judgment notwithstanding the verdict.

1. Because the excerpts from the trial transcript made a part of the appellate record by appellant do not present a sufficient basis from which this court can make a determination as to whether appellant was entitled to a directed verdict or judgment n.o.v., the rulings of the trial court on the two motions must be affirmed. However, we reverse the judgment entered on the jury verdict because of the admission of irrelevant, prejudicial testimony.

2. Appellant enumerates as error the admission of testimony from Wyche, appellant's former business partner, concerning a conversation between them regarding a former lessee of property owned by appellant's and Wyche's business. Wyche testified, over objection, that Grady Smith, the former tenant, had died after three or four months' occupancy and that Smith's son had attempted to operate his late father's business but had vacated the premises after falling behind in the rental payments. Wyche testified that Ryle wanted to sue the tenant's widow for the unpaid rent but that Wyche, knowing the woman had a small child, refused. When appellant objected, questioning the relevance of the above-summarized testimony, counsel for appellees argued that the testimony was admissible to show that appellant was litigious, and that this was

relevant in light of appellant's allegation of stubborn litigiousness on the part of appellees. We hold that it was error to admit the testimony on such grounds.

This case is an appropriate forum in which to state the conclusion that, in a case involving a plaintiff's claim under Code Ann. § 20-1404 for expenses of litigation, the plaintiff's as well as the defendant's litigiousness is in issue. Common sense compels the conclusion that if the evidence shows that the defendant made every reasonable effort to resolve the controversy, but the plaintiff made unreasonable demands and insisted on escalating a private conflict into public legal combat, the plaintiff, even though successful in obtaining a verdict for a portion of the damages claimed, would not be entitled to an award of expenses of litigation. It is obvious that if it was the plaintiff who was stubbornly litigious, the defendant cannot be said to have caused the plaintiff unnecessary trouble and expense.

Having resolved that a defendant may defend against a claim for attorney fees which alleges stubborn litigiousness by showing that it was the plaintiff rather than the defendant who was stubbornly litigious, we must delineate the range of evidence admissible in support of a defendant's position.

When the issue is the award of attorney fees under Code Ann. § 20-1404 for bad faith, the appellate courts of this state have repeatedly held that the bad faith which supports such an award must arise from the transaction underlying the cause of action in litigation. See, e.g., *Standard Oil Co. v. Mt. Bethel &c. Methodist Church,* 230 Ga. 341 (196 SE2d 869); *Grant v. Hart,* 197 Ga. 662 (2) (30 SE2d 271); *Traders Ins. Co. v. Mann,* 118 Ga. 381 (7) (45 SE 426); *Ballenger Corp. v. Dresco &c. Contractors, Inc.,* 156 Ga. App. 425 (III,A,3) (274 SE2d 786); *Spearman v. Flanders,* 143 Ga. App. 759 (240 SE2d 141). The same limitation should hold true where a defendant is accused of being stubbornly litigious: the stubborn litigiousness must involve the matter in litigation. It appears that the courts of this state, while not enunciating such a limitation with regard to a claim of stubborn litigiousness, have applied it nonetheless. See, e.g., *Woodson v. Burton,* 241 Ga. 130 (4) (243 SE2d 885); *Jordan v. Goff,* 160 Ga. App. 636 (2) (287 SE2d 640); *Buffalo Cab Co. v. Williams,* 126 Ga. App. 522 (191 SE2d 317). In each of the cited cases, the court looked at the history of the lawsuit before it to determine whether there was evidence of stubborn litigiousness. Likewise, evidence introduced by a defendant in an attempt to defend against an allegation of stubborn litigiousness would necessarily be limited to the plaintiff's conduct in the case in which the claim for litigation expenses was made. A contrary holding would penalize those who are

willing to enforce their rights through the courts. The fact that a plaintiff is litigious, that he sues everyone who offends him or has any disagreement with him, should not affect his right to recover what is rightly his. "No man is bound to forego litigation at the expense of yielding rights apparently well-founded, much less those which prove to be so founded in the end." *Tift v. Towns,* 63 Ga. 237, 242 (3).

The present case is illustrative of the danger of permitting the introduction of irrelevant evidence on this issue. Appellant was painted as a Scrooge who would sue a widow with a child. Regardless of the merits of the proposed action against the widow, appellant is now the villain of the piece. The testimony concerning another transaction was irrelevant and prejudicial; its admission was an abuse of discretion and demands a reversal.

The general rule that an error in the admission of evidence concerning damages does not require reversal when the jury returns a verdict for the defendant misses the central point of the error in this case: the evidence which was erroneously admitted did *not* go only to the matters of damages. First, the issue of whether a party has been stubbornly litigious so as to justify the award of expenses of litigation is a matter of liability, not damages. Second, the evidence erroneously admitted in the present case was irrelevant to all issues in the case and served only to besmirch the character of the plaintiff. This court is not in a position to weigh the prejudicial effect that testimony had on the jury. The trial court incorrectly permitted the defendant to attack the plaintiff's character, and we cannot say that a verdict for defendant cured that error when the error may well have contributed to that verdict.

It has been argued that appellant did not properly object to the evidence which we have held was erroneously admitted. It is clear from the excerpt of testimony sent up with the record that appellant's counsel objected on the grounds of relevancy when the testimony here involved first began. The trial court interrupted the objection to rule in appellant's favor, cutting short the statement of the particular grounds on which the objection was based. Immediately thereafter, appellee's counsel persuaded the court to change its ruling. The essence of that transaction was that appellant's objection was overruled. There was no reason to make another objection since the court had just that moment overruled the objection. This case is not like those involving pre-trial rulings on admissibility or failure to object again when evidence is admitted for a limited purpose. Here, appellant objected to the evidence which was inadmissible and did so on exactly the same ground on which his appeal is based. The reasoning employed by the Supreme Court in *Harley-Davidson Motor Co. v. Daniel,* 244 Ga. 284, 286 (260 SE2d 20), in deciding that

an objection at trial is not necessary to preserve for appellate review the denial of a motion in limine, applies to the present case: "The trial court has been apprised of the possible error in admitting the evidence and has made its ruling, and the record has been perfected for appeal purposes. Therefore, we see no reason for another objection at trial in order to preserve the [overruling of the objection] on appeal."

Appellant's objection was preserved, the evidence was inadmissible for the reason he asserted, the error was harmful, and the judgment of the trial court must be reversed.

*Judgment reversed. Deen, P. J., Banke, Birdsong, Carley and Pope, JJ., concur. Quillian, C. J., McMurray P. J., and Sognier, J., dissent.*

DECIDED JULY 8, 1982.

*James T. Perry, R. M. Bernhardt, Graham James Purpura,* for appellant.

*John F. Doran, Jr.,* for appellees.

Richard Beauchene, *pro se.*

QUILLIAN, Chief Judge, dissenting.

I respectfully dissent from Division 2 of the majority opinion. I concur with that portion thereof that finds the testimony of plaintiff's former partner regarding whether they should sue the widow to be inadmissible. However, I find no reversible error for two reasons.

One — plaintiff's amended complaint alleged defendant had been stubbornly litigious and prayed for expenses of litigation pursuant to Code Ann. § 20-1404 (Code § 20-1404). The defendant contended that plaintiff was the litigious party and moved for admission of this testimony on that basis. Thus, the objectionable testimony related only to an issue of expenses of litigation or attorney fees which would be considered by a jury only in the event they found for the plaintiff. This court and the Supreme Court has heretofore followed the universal rule of long standing, phrased succinctly in *Maloy v. Dixon,* 127 Ga. App. 151, 156 (193 SE2d 19): "[E]rrors in the giving of a charge, failure to charge, denial of requests to charge, or *in the admission* or exclusion *of evidence, . . .* are harmless and afford no ground for reversal where a verdict was returned in favor of the defendant." (Emphasis supplied.) (See fn. 2, with 22 supporting citations); accord: *F. N. Roberts Corp. v. Southern Bell &c. Co.,* 132 Ga. App. 800, 802 (209 SE2d 138); *Reliford v. Central of Ga. R. Co.,* 140 Ga. App. 782 (4) (232 SE2d 129); *Minter v. Powell,* 152 Ga. App.

449, 452 (4) (263 SE2d 235); *Guthrie v. Pilgrim Realty Co.,* 156 Ga. App. 692, 694 (3) (275 SE2d 686); *Basic Four Corp. v. Parker,* 158 Ga. App. 117, 121 (279 SE2d 241); *Robinson v. Murray,* 198 Ga. 690 (2) (32 SE2d 496); *Foster v. Sikes,* 202 Ga. 122, 126 (42 SE2d 441); *Haugabrook v. Taylor,* 225 Ga. 317, 318 (168 SE2d 162). Accordingly, where the jury arrives at a verdict on the main action for the defendant they never reached the issue of expenses of litigation or attorney fees and any allegation of error concerning litigiousness need not be considered. *Parsons v. Foshee,* 80 Ga. App. 127, 132 (4) (55 SE2d 386); *Brand v. Montega Corp.,* 233 Ga. 32 (3) (209 SE2d 581); *First American Bank v. Bishop,* 244 Ga. 317, 320 (2) (260 SE2d 49); *Fulton National Bank v. Marshall,* 245 Ga. 745, 747 (267 SE2d 225).

Secondly — the plaintiff's objection at trial was: "I would like to raise the objection of relevance. How the man died, when he died, I think . . . THE COURT: Yes, sir. I sustain the objection. Let's move on to what's involved in the case. [Defendant's counsel]: May we approach the Bench, Your Honor?" Then followed an explanation of why the defendant thought the testimony was admissible and the court permitted him to continue. Thus, plaintiff had every opportunity, at the bench hearing, to advance any argument he desired as to why he contended the evidence to be inadmissible. He placed only the objection of "relevance" and that was to "How the man died, when he died . . ." This court and the Supreme Court has held repeatedly: "A mere objection to evidence that it was incompetent *or irrelevant* or immaterial or without probative value or a conclusion is entirely too vague and indefinite *for decision by the trial court or by the appellate court." State Hwy. Dept. v. Harrison,* 115 Ga. App. 349 (3) (154 SE2d 723) (emphasis supplied); accord: *Hudson v. Miller,* 142 Ga. App. 331 (1) (235 SE2d 773); *Gwinnett Commercial Bank v. Flake,* 151 Ga. App. 578, 581 (260 SE2d 523); *Hogan v. Hogan,* 196 Ga. 822 (1) (28 SE2d 74); *Middleton v. Waters,* 205 Ga. 847 (4) (55 SE2d 359); *Greyhound Corp. v. Clough,* 211 Ga. 574 (2) (87 SE2d 387); *Dixie Belle Mills v. Specialty Machine Co.,* 217 Ga. 104, 112 (5) (120 SE2d 771); *Isley v. Little,* 219 Ga. 23 (7) (131 SE2d 623).

In *Salmon v. Salmon,* 223 Ga. 129 (2) (153 SE2d 719), the Supreme Court was faced with a similar issue. The wife's petition for divorce alleged cruel treatment. The husband's cross-complaint also alleged cruel treatment as the basis for his prayer for divorce. The Supreme Court commented that "[b]y these allegations the question of who was cruel to whom" was then "on the line." In the instant case the question of who was the litigious party was "on the line." In *Salmon,* the wife was asked "if in a suit against a former husband she

charged . . . exactly and precisely the same allegations . . .?" Counsel's objection was: "this has nothing to do with the issues in this case, as to what was involved in another case . . ." The Supreme Court held: "This objection is insufficient to present any question for decision." 223 Ga. at 129. I find the "relevance" objection in the instant case to be of the same type. It lacks specificity and is too general to require a ruling either by the trial court or this court. In fact, after plaintiff's counsel heard the discussion at the bench trial, it appears that he acquiesced in the ruling and did not pursue the matter further.

I find no reversible error and would affirm.

I am authorized to state that Presiding Judge McMurray and Judge Sognier concur in this dissent.