## 38631. STANLEY v. THE STATE.

GREGORY, Justice.

We granted certiorari to consider whether it was reversible error for the prosecutor to ask a detective, in relation to the identification of the defendant, "Now, mug books are what exactly?," eliciting the answer, "They are pictures of individuals that we have had previous cases on."

At appellant's trial for motor vehicle theft, a witness testified that he had identified appellant to the police from his picture in "some mug books." In further examination of the witnesses, both the district attorney and the defense counsel used the phrase "mug books" repeatedly. When the police officer who had shown the witness those pictures took the stand, the following direct examination occurred:

"Q. What did you do when he got to the police station?

"A. I requested [the witness] to go through our mug books that we have on file at the police department.

"Q. Now, mug books are what exactly?

"A. They are pictures of individuals that we have had previous cases on."

Defense counsel objected to this answer and moved for a mistrial, which motion the trial court denied. The trial court did take corrective action by addressing the jury as follows: "Members of the jury, I instruct you at this time to disregard the officer's response to that question dealing with what was in the mug book; of course, as we understand it, it would be a book of pictures . . . And in this instance, pictures of black males . . ." Appellant was convicted of motor vehicle theft, and he argues on appeal that the above testimony illegally placed his character into issue against his will. While we believe that this testimony improperly placed appellant's character into issue, for reasons which appear below, we answer the certiorari question in the negative and affirm.

1. The Court of Appeals found that the disputed question and response of the police officer in this case fell short of placing the defendant's character into issue. *Stanley v. State,* 161 Ga. App. 661 (2) (288 SE2d 683) (1982). We disagree.

Appellant correctly points out that the general rule is that evidence of the defendant's bad character cannot be introduced unless the defendant first chooses to do so. Code Ann. §§ 38-202 and 38-415; *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952). We have previously held that admission into evidence of a "mug shot" of a defendant does not place his character into issue. *Creamer v. State,* 229 Ga. 704 (194 SE2d 73); *Tanner v. State,* 228 Ga. 829 (188 SE2d

512) (1972). We have also found that a police detective's statement that he "decided to pull some pictures of [the defendant] from our files" would not place the defendant's character into evidence. *Woodard v. State,* 234 Ga. 901 (2) (218 SE2d 629) (1975). The testimony here went beyond that given in our previous cases. Taken as a whole the testimony identified the defendant as having a prior record of a criminal offense or offenses. His character was placed in evidence.

2. Although this testimony improperly placed appellant's character into evidence, the trial judge did not abuse his discretion in refusing to declare a mistrial.

The granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with. *Ladson v. State,* 248 Ga. 470 (12) (285 SE2d 508) (1981); *Bowman v. Bowman,* 230 Ga. 395 (1) (197 SE2d 372) (1973); *Salmon v. Salmon,* 223 Ga. 129 (1) (153 SE2d 719) (1967); *Manchester v. State,* 171 Ga. 121 (7) (155 SE 11) (1930).

When prejudicial matter is placed before the jury in a criminal case, the trial judge must decide whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing the testimony from the consideration of the jury under proper instructions. See *Felton v. State,* 93 Ga. App. 48 (90 SE2d 607) (1955). Here, the trial judge acted immediately, ruled out the offensive testimony, and properly instructed the jury not to consider the testimony in its deliberations. *Tye v. State,* 198 Ga. 262 (4) (31 SE2d 471) (1944). Under the facts of this case, we cannot say that this amounted to an abuse of discretion.

*Judgment affirmed. All the Justices concur, except Clarke and Smith, JJ., who dissent.*

DECIDED SEPTEMBER 28, 1982.

*Stephen N. Hollomon, Harry J. Fox, Jr.,* for appellant.
*G. Theron Finlayson, District Attorney, James F. Garnett, Assistant District Attorney,* for appellee.

SMITH, Justice, dissenting.

I respectfully dissent. The majority opinion concedes that appellant's character was erroneously placed in issue, but concludes that the trial judge's prompt corrective instructions to the jury rendered the error harmless. I do not agree that the illegal testi-

mony was so easily wiped from the juror's minds. In my view, the harm to appellant was irreparable and a mistrial should have been granted.

This court in the case of *Newton Bros. v. Shank,* 240 Ga. 471, 472 (241 SE2d 231) (1978), commented as follows concerning the effect of an attempted curative instruction following the admission of prejudicial evidence: "[S]uch testimony is inherently harmful, for the jury will draw conclusions therefrom in spite of anything said by the parties at the time of discussing the compromise, and in spite of anything which may be said by the judge in instructing them as to the weight to be given such evidence." The character evidence in this case, like the evidence of compromise in *Newton Bros.,* was inherently prejudicial to appellant. The charge instructing the jury to disregard the illegal testimony did not remove this taint. I would reverse.