## 65799. TAYLOR v. THE STATE.

BIRDSONG, Judge.

Johnny L. Taylor was convicted of armed robbery and aggravated assault. He was sentenced to life imprisonment for the armed robbery and ten years to be served concurrently for the aggravated assault. He brings this appeal enumerating a sole alleged error. *Held:*

During the examination of a state's witness, a police detective, the witness testified he obtained a picture of Johnny Taylor from police files for purposes of identification. A motion for mistrial was denied but the jury was carefully charged to disabuse and remove

from their minds any reference to the source of the picture and not to consider that source in their deliberations. This unsolicited answer by the witness and the related cautionary instruction have not been made a part of this appeal.

However, later Taylor's mother testified that the victim of the armed robbery (who was also the employer of Taylor's brother) had come to the mother's house to transport the employed son to the victim's house for work, a rather frequent occurrence. While there, Taylor's mother showed the victim pictures of three of her sons including Johnny Taylor. The mother on several occasions during this phase of her testimony stated that when viewing the picture of Johnny Taylor in his mother's house, the victim said the picture "did not look like the picture the police showed me." On cross-examination of the mother, the state referred to "the police picture." The obvious intent of its question was to verify that the victim in fact said that the picture of Johnny Taylor in his mother's house did not look like the police picture (i.e., the picture the victim was shown by the police). Appellant moved for a mistrial asserting that the reference to the picture shown by the police as "the police picture" was a comment on the past record of appellant, i.e., the victim was shown a "mug shot." There was never a reference to a prior crime or conviction or even an arrest.

We do not impute to the form of the question the evil intent or connotation attached thereto by the defense. In the first place, in context, the only reasonable intention and meaning of the question was a comparison of the picture being shown to the victim by the mother to a picture earlier shown by the police. We cannot fault the trial court from reaching the conclusion that no reference was being made or even intended that Taylor had previously been arrested or convicted for some unrelated crime. Moreover, even if such an interpretation were reasonable or possible, the actual reference to a photograph as a "mug shot," or that an officer searched files and found a photograph or verified appellant's true name from police files has been held not to be error. See *Stanley v. State,* 161 Ga. App. 661 (288 SE2d 683). We will not conclude that merely a possible and even unreasonable implication is error where the overt statement to the same effect is not error. Even if the jury had implausibly reached what we have held to be an unreasonable conclusion that this might refer to a prior record, the jury earlier had been instructed they could not consider the source of the picture in any way to the prejudice of the appellant. Lastly, after appellant's objection to the reference by the state to the picture as "the police picture," the state again asked further questions using the same terminology without objection by the defense. The admission of evidence, even if erroneous, is harmless

where the same evidence is presented to the jury without objection by the appellant. *Williams v. State,* 117 Ga. App. 79 (2) (159 SE2d 454). See also *Knight v. State,* 133 Ga. App. 808 (1) (212 SE2d 464); *Waters v. State,* 122 Ga. App. 808 (3), 809 (178 SE2d 770). We find no merit in the enumeration of error.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 21, 1983 —

Ray C. Norvell, Sr., Ray C. Norvell, Jr., for appellant.
Robert E. Wilson, District Attorney, Jonathan C. Peters, Robert E. Statham III, Assistant District Attorneys, for appellee.