## S97A1143. BROWN v. THE STATE.
### (490 SE2d 379)

FLETCHER, Presiding Justice.

A jury convicted Derrick Brown of malice murder and possession of a firearm during the commission of a felony in the shooting death of Arzella Riggins.[1] Brown appeals challenging the denial of his motion for mistrial following testimony regarding an outstanding probation warrant. Because the trial court gave appropriate curative instructions and did not abuse its discretion in denying the motion for mistrial, we affirm.

The evidence at trial showed that Brown and Riggins had been dating. Eight days before Riggins' death, Brown purchased an insur-

---

[1] The crimes occurred November 11, 1993. The grand jury indicted Brown on July 11, 1996. Following a jury trial on September 9-13, 1996, Brown was found guilty of malice murder and possession of a firearm during the commission of a murder. The trial court sentenced Brown to life for murder and a consecutive five-year term for the possession charge. Brown filed a motion for new trial on October 9, 1996, which he amended on February 10, 1997 and on March 11, 1997. The trial court denied the motion on March 19, 1997 and Brown filed his notice of appeal on April 2, 1997. The appeal was docketed in this Court on April 11, 1997 and submitted for decision without oral argument on June 2, 1997.

ance policy on Riggins' life with Brown as the beneficiary and sought payment on the policy immediately following her death. The evidence also showed that police discovered that, shortly after the murder, Brown had in his possession a necklace that Riggins frequently wore. Acquaintances testified that Brown told them he shot Riggins for the insurance proceeds and that he told them where he disposed of the murder weapon. Based on this information, the police were able to locate a gun at the bottom of the Flint River that "possibly fired" the fatal bullet. Because of rust in the barrel it was not possible to establish conclusively that the gun was the murder weapon. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Brown guilty of the crimes charged beyond a reasonable doubt.[2]

1. Prior to trial, the trial court instructed all witnesses to refrain from mentioning that Brown had been in jail on other charges. During Officer Webb's testimony, he made a brief reference to "some probation violation warrants" outstanding on Brown. Brown moved for a mistrial. The trial court denied the motion for mistrial, but issued curative instructions to the jury and strongly cautioned the assistant district attorney against bringing out irrelevant and potentially prejudicial evidence. The court also gave additional instructions to the witnesses to avoid mentioning Brown's prior criminal record and incarceration. Under these circumstances, we conclude that the trial court did not abuse its discretion in denying the motion for mistrial.[3]

2. During Officer Oliver's testimony, she read into evidence a letter written by Brown that purported to describe a conversation between Brown and Diane Williams, whom Brown had also been dating. According to this letter, Williams told Brown about a conversation in which she told her husband Joe Williams that Brown was in jail. Brown moved for a mistrial following the reference to his incarceration. The trial court denied the motion, but ordered that any references to jail be redacted before the witness read any further from the letter. In the brief reference to jail read to the jury, it appears that Brown's incarceration is due to his arrest for the murder of Riggins. The jury obviously knew this and, therefore, we find no error in the trial court's denial of the motion for mistrial.

3. The state argues that Brown failed to preserve the issue regarding Webb's testimony for review. Brown's appellate counsel contends that, if the error was not preserved, it constituted ineffective assistance of counsel. However, after the trial court announced it would deny the motion for mistrial and issue curative instructions,

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Stanley v. State*, 250 Ga. 3, 4 (295 SE2d 315) (1982).

the record reveals that trial counsel excepted to this ruling. Thus, the issue was properly preserved and there is no basis for a claim of ineffective assistance of counsel on this narrow ground.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 6, 1997.

*John L. Tracy,* for appellant.

*Kenneth B. Hodges III, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Beth Attaway, Assistant Attorney General,* for appellee.