## S02A0229. THOMAS v. THE STATE.
### (563 SE2d 838)

THOMPSON, Justice.

Ameen Jamel Thomas was convicted by a jury of malice murder, felony murder, and aggravated assault in connection with the shooting death of Michael Gatewood.[1] On appeal, Thomas asserts that the evidence was insufficient to support the verdict, and that he was denied a fair trial by the admission of certain prejudicial evidence. Finding no error, we affirm.

---

[1] The crimes took place on April 27, 1996. An indictment was returned on June 11, 1996, charging Thomas with malice murder, felony murder, aggravated assault (two counts), and conspiracy to sell marijuana. A judgment of nolle prosequi was entered on the conspiracy count. Trial commenced on November 3, 1998, and on November 5, 1998, a jury found Thomas guilty of malice murder, felony murder, and one count of aggravated assault; he was acquitted of the remaining count of aggravated assault. The trial court sentenced Thomas to life imprisonment for malice murder. The sentence was filed on January 8, 1999. Trial counsel filed a motion for new trial prematurely on November 20, 1998. The motion was amended on December 14, 1999, and December 20, 1999. The motion for new trial was denied on March 3, 2000, and a notice of appeal was filed on the same day. A previous appeal to this Court was dismissed because Thomas' motion for new trial was not contained in the record on appeal. Upon return to the trial court, Thomas filed an extraordinary motion for new trial to correct the clerical omission. On February 14, 2001, the trial court granted the requested relief, finding that the motion for new trial had been timely filed, ordering that the motion be included in the record on appeal, reinstating the denial of the motion for new trial, and allowing Thomas to file a notice of appeal within 30 days. A timely notice of appeal was filed on February 26, 2001. The case was docketed in this Court on October 30, 2001, and oral argument was heard on March 11, 2002.

Viewed in a light most favorable to the verdict, the evidence shows that victim Michael Gatewood, accompanied by Billy Joe Smith, drove to an apartment complex for the purpose of purchasing marijuana. Gatewood stopped the car and they were approached by four or five young males who asked what they wanted. Gatewood held out some money and requested $45 worth of marijuana, whereupon one of the men grabbed the money and walked away from the car. An argument ensued among the others on the street as to why that individual kept the money. Moments later, Thomas approached the car and fired a single gunshot into the driver's window, killing Gatewood.

Eyewitnesses to the events testified that Thomas was in possession of a .32 caliber handgun both before and after the shooting, and that it was he who pointed the gun into the car and shot Gatewood. Thomas later told his friends, "I done killed this cracker."

1. The evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to enable a rational trier of fact to have found Thomas guilty beyond a reasonable doubt of malice murder.

2. Thomas asserts that the trial court abused its discretion in failing to grant a mistrial after the State injected evidence of an unrelated murder.

Thomas testified in his own defense that he was at a movie with his friend, Fred Dewberry, at the time of the shooting. The State called Fred Dewberry's mother, Jacqueline Dewberry, to rebut certain testimony elicited during the defense case. Preliminarily, the State established that the witness was the mother of two teenage sons. The prosecutor then solicited testimony that a third teenage son was shot and killed earlier that year by "a boy [who] tried to rob him." The defense objected on relevancy grounds, asked the court to instruct the jury to disregard the testimony, and moved for a mistrial based on the prejudicial nature of the remarks. The defense then reconsidered its request and declined a curative instruction. The court denied the motion for mistrial, instructed the jury to completely disregard the testimony, and ensured that the jurors could follow those instructions. No further relief was requested.

Pretermitting whether the issue was properly preserved for appellate review, see *Ford v. State*, 269 Ga. 139 (3) (498 SE2d 58) (1998), we conclude that the prejudicial nature of the testimony was corrected by withdrawing it from the jury's consideration under proper instructions. See *Brown v. State*, 268 Ga. 455 (1) (490 SE2d 379) (1997); *Stanley v. State*, 250 Ga. 3 (2) (295 SE2d 315) (1982). Under the circumstances, we find no abuse of discretion in the refusal to grant a mistrial.

3. The remaining enumerations of error were not preserved for

appellate review. See generally *State v. Larocque*, 268 Ga. 352 (489 SE2d 806) (1997).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 2002.

*Axam, Adams & Secret, Tony L. Axam, William T. Payne*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Alvera A. Wheeler, Marc A. Mallon, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.